JAMES CUNNINGHAM *versus* WALTER K. FOSTER.

The defendant pleaded in bar a judgment, between the parties, in a former suit — which judgment was rendered on the award of referees appointed by a rule of Court : — *Held,* that the judgment was not, necessarily, a bar to this action, although, under one of the counts in the writ, in the former action, the claim now in suit might have been proved; and the question, whether the claim was embraced in the award, was properly submitted to the jury.

EXCEPTIONS by defendant, to the ruling of APPLETON, J., at *Nisi Prius.*

THIS was an action of ASSUMPSIT for "85 days' labor in tempering blades for pencil sharpeners."

The defendant pleaded the general issue, and, by way of brief statement, alleged that the subject matter of the present suit was embraced in, and determined by, an award made by referees, appointed by a rule of the Court, in a former action, between the same parties.

The declaration in the plaintiff's former writ is given, substantially, in the opinion of the Court.

The plaintiff introduced evidence to show that the contract he made with defendant, was for cutting, champering, and facing; that tempering was not included in the original bargain, but was a matter of subsequent agreement, and that the compensation for tempering was not claimed in the reference and was not presented to the referees.

The defendant introduced evidence that his bargain with the plaintiff, was, that the plaintiff was to take the blades from the grindstone and prepare them for the mould which would include tempering, and that the whole matter of the tempering was before the referees. The tempering was all done before the first suit was commenced.

The presiding Judge ruled upon the trial of the cause, that although the subject matter of this suit might properly have come before the referees in the former suit, inasmuch as the second count in plaintiff's former writ would embrace

the items in the account now in suit, yet, said award was not necessarily a bar to this suit, and the question, whether the claim now in suit was embraced in said award, was submitted to the jury.

To which ruling the defendant excepted, the verdict being in favor of the plaintiff.

The case on the exceptions was argued by

*F. A. Wilson,* for the defendant.

*T. W. Porter, contra.*

The opinion of the court was drawn up by

RICE, J.—Assumpsit on account annexed. May 26, 1858, the plaintiff sued out a writ against the defendant containing three counts; one on an account annexed, one for work and labor performed, and one upon a special contract "to cut, champer and face one million of pencil sharpener blades." This action was referred to referees by rule of Court, by whom an award was rendered in favor of the plaintiff, and, on that award, judgment of Court was duly entered.

July 12, 1860, the present action was commenced, in which the plaintiff claims to recover the sum of $191,25, for "tempering sharpener blades," as per his account annexed to his writ. It is admitted that the work, for which this action is brought, was performed before the former action was commenced, and the defendant contends that it was included in that case under the head, of "cutting, champering and facing" said blades. He has, therefore, pleaded the former judgment in bar of this action. The plaintiff, however, contended that the claim now sued for, is different and distinct from the one in litigation in the former action before the referees, and was not presented to nor considered by them.

The presiding Judge ruled that although the subject matter of this suit might properly have come before the referees in the former suit, inasmuch as the second count in the plaintiff's former writ would embrace the items in the

account now in suit, yet said award was not necessarily a bar to this suit, and the question, whether the claim now in suit was embraced in said award, was submitted to the jury. To this the defendant excepted.

It is a well settled rule of law, that if a verdict, award, or judgment of a Court of competent jurisdiction, has apparently, but not necessarily, covered the very ground on which a second action is brought, though this would be, perhaps, *prima facie* evidence that the matter had passed *in rem judicatum*, yet it may still be averred, and proved by parol testimony, that the cause of the second action was not in issue, and the point to be established by it was not in fact decided in the former case. *Snider* v. *Croy*, 2 Johns., 227; *Phillips* v. *Berick*, 16 Johns., 136; *Webster* v. *Lee*, 5 Mass., 334; *Whittimore* v. *Whittimore*, 2 N. H., 26; *Squires* v. *Whipple*, 2 Vt., 111; *Eastman* v. *Cooper*, 15 Pick., 276; *Dutton* v. *Woodman*, 9 Cush., 255; *Sedden* v. *Tutpot*, 6 T. R., 607.

It appears from the authorities, that where the declaration in the second action is framed in such a manner that the causes of action may be the same as those in the first suit, it is incumbent on the party bringing the second action, to show that they are not the same. Per Abbott, C. J., in *Bugot* v. *Williams*, 3 B. & C., 235.

The ruling of the Judge was in strict conformity to authorities. *Exceptions overruled.*

Tenney, C. J., Appleton, Cutting, May and Kent, JJ., concurred.