# NEW YORK SUPERIOR COURT.

HORATIO R. WILCOX and JOSHUA DRAPER, respondents, agt. URIAH M. LEE, CHARLES P. H. RIPLEY and CHARLES M. HOYT, appellants.

In an action upon a money demand, where the defendants set up a *judgment* in their favor rendered by a court of concurrent jurisdiction for the *same cause of action, as a bar*, it is competent to go behind the record of that judgment and show by proof *aliunde*, that it was not given upon the *merits*, but on the ground that the action was *prematurely brought*, and therefore not a bar to the present action.

*New York General Term, March,* 1864.

*Before* BOSWORTH, *Ch. J.,* WHITE and MONELL, *Justices.*

MOTION by defendants for a new trial, on exceptions taken at the trial, and there ordered to be heard at general term in the first instance.

The action is for goods sold and delivered in March, 1861, to a firm composed of the defendants and one George A. Dunlap, at the agreed price of $450, on eight months credit. The defendants, Ripley and Hoyt, set up a former trial in the marine court, in July, 1861, for the same cause of action, in a suit by these plaintiffs against these defendants and said Dunlap, and allege, in their answer, that "judgment therein was rendered in favor of the defendants, on a question of fact, on the 24th of July, 1861." The sale and delivery of the goods in March, 1861, to the defendants at the agreed price of $450, on a credit of eight months, were fully proved on the present trial. The defendants then proved that in July, 1861, these plaintiffs sued these defendants, and Dunlap in the marine court, and in their complaint claimed to recover for goods sold and delivered to such defendants in March, 1861, at the agreed price of $450. The complaint in that action did not state whether the goods were or were not sold on a credit, but it alleged that the $450 was due, with interest from April 1, 1861, and prayed judgment accordingly.

The answer of Ripley and Hoyt in that suit denied each and every allegation in the complaint.

It was proved on the trial of this action, that on the trial in the marine court, evidence was given of the sale and delivery of the goods, and that they were sold on a credit of eight months. G. B. Bonta, the person who made the sale, was asked with reference to his testimony on the former trial, thus :.

*Question.* Did you not testify that the sale was a cash sale, and you applied to them for a note, according to the custom of that kind of sale ?

*Answer.* I applied for a note; it was not given; it was

then considered a cash sale, according to the custom of merchants.

ᶜ It was also proved that the question raised and argued in the marine court was, whether the goods were sold on a credit of eight months, and that this was the very question argued on submitting the case.

The judge who tried the cause testified that he did not recollect on what ground he decided it, "whether on the ground of unexpired credit or on the ground that the sale was made by Bonta individually."

The defendants sought to prove that Bonta sold the goods in his own name and on his own account. No judgment was entered in the docket in the marine court, but there was indorsed on the summons and complaint, in the hand-writing of the judge, the words "judgment for defendant, with costs, and ten dollars allowance." On the present trial the judge ordered a verdict for the plaintiffs for $481.50, the amount of the goods and interest, and the defendants excepted to the decision.

L. S. CHATFIELD, *for defendants.*

G. DEAN and F. A. WILCOX, *for plaintiffs.*

By the court, BOSWORTH, C. J. The defendants have had the goods for which the verdict was ordered and have not paid for them. The question now is, whether the former trial and judgment therein are a bar to a recovery in this action. It is quite clear that, on the trial in the marine court, as in this, the evidence of the sale of the goods, at the agreed price of $450, on a credit of eight months, was uncontradicted. The evidence on this trial shows that, in the suit in the marine court, Bonta testified that he sold the goods as agent of the plaintiffs, and so informed the defendants at the time of the sale. It does not appear that there was any attempt to contradict him, and no evidence, in conflict with such being the facts, was given on this trial.

This case comes, therefore, to this point : Judgment was given for the defendants, in the marine court, on uncontradicted proof that the sale was on a credit of eight months, which had not elapsed. It cannot be conjectured that it proceeded on any other ground or fact. On what ground, or fact found, the judge decided it, he does not recollect, and we lay his testimony out of view. But it does appear that the only question discussed before him, on the close of the evidence was, whether the credit had expired. I think it should be inferred that this was the only question of fact which he determined adversely to the plaintiffs, and finding that it had not, and it being his duty to so find, he gave judgment for the defendants on that ground and for that cause.

If this be the correct view, then it is clear that it was not determined in the marine court that the plaintiffs did not sell and deliver the goods at the agreed sum of $450.

If it had affirmatively appeared on the present trial that the judgment in the marine court was given expressly on the ground that the suit was prematurely brought, then *Quackenbush* agt. *Ehle* (5 *Barb. R.* 469, 472) would be an authority that the former trial and judgment was not a bar. In the present case the contrary does not appear either by the record or the proofs, and presumptively the first judgment could not have proceeded on any other ground.

*Quackenbush* agt. *Ehle* is not in conflict with *Morgan* agt. *Plumb*, (9 *Wend. R.* 317.) In the latter case, the plaintiff was entitled to recover, upon the evidence given. But judgment was given against him contrary to the law and the evidence. His remedy was a review on a case or exceptions; and not by another suit on the same evidence.

It cannot be affirmed, or established inferentially, that the judgment in the marine court determined any fact, except the fact that that suit was brought before the agreed time of credit had expired. As it does not appear that

any other fact was determined, and as that fact was undisputed and entitled the defendants to judgment, and as presumptively no other fact would have been determined in their favor, I think the former suit and judgment do not bar this action.

The facts that the plaintiffs sold the goods to the defendants at the agreed price of $450, and that the defendants have not paid any part thereof, have not been passed upon and decided against the plaintiffs. But a fact consistent with them, and proved on the first trial by uncontradicted evidence, viz: that the goods were sold on a credit of eight months, was found in the marine court, and having been found the defendants had judgment.

Holding that such judgment is not a bar to this action does not conflict with the rule that " a fact which has once been directly decided shall not be again disputed between the same parties," nor with the rule that " the judgment of a court of concurrent jurisdiction directly on the point is as a plea, a bar, and as evidence conclusive between the same parties upon the same matter directly in question in another court." (*Jackson* agt. *Wood*, 8 *Wend. R.* 72 ; *Doty* agt. *Brown*, 4 *Coms. R.* 72.)

I think the motion for a new trial should be denied, and judgment for plaintiffs on the verdict ordered.