PAUL JEPSON *vs.* THE INTERNATIONAL FRATERNAL ALLIANCE.

A benevolent society embraced local branches, of which the treasurers were to receipt for payments made to the branches, to report and to remit monthly to the society moneys collected, and to give bond to the society for the moneys in their hands.
*Held*, that moneys paid to these treasurers for assessments made by the society were beyond the control of the local branches, and were subject to garnishment as the moneys of the society in the hands of the treasurers of the branches as trustees of the society.
In the case of a general judgment pleaded in bar, parol evidence is admissible to show on what the judgment was founded.
*Assumpsit* for commissions ; plea, *actio non*, reciting a former judgment in an action brought for the same commissions.  The verdict in the former action and the judgment on it were general.
*Held*, that parol evidence was admissible to show that the prior action was prematurely brought, and at a time when the claim to the commissions had not accrued.

DEFENDANT's petition for a new trial.

*August* 1, 1891.  PER CURIAM.  At the trial in the Court of

Common Pleas, counsel, as *amicus curiæ*, moved that the action be dismissed, because, as alleged, there has been no valid service of the writ upon the defendant. The only service of the writ was by attaching the personal estate of the defendants in the hands and possession of James B. Carter, and also in the hands and possession of Harriet A. Dean, as trustees of the defendant. Counsel for the garnishees also moved that they be discharged, on the ground that they were not the agents, attorneys, factors, trustees, or debtors of the defendant. The court overruled both of these motions, and exceptions were taken, which are assigned as the first two grounds for new trial in the defendant's petition.

We will consider these two matters together. It appears, from the answers of the garnishees to the interrogatories propounded to them, that said Carter and Dean are respectively treasurers of local assemblies of the defendant order, the former in Pawtucket and the latter in Providence ; that under the constitution and by-laws of the defendant it is their duty as such treasurers to receipt all notices for payments due from members of their respective assemblies, and on the first day of each month forward to the secretary of the cabinet of the defendant, on blanks furnished for the purpose, and remit for the same at the same time, a report of all moneys collected by him or her during the previous month. Each of them as such treasurer is required by the constitutions and by-laws of the defendant to give, and each of them had given, to the cabinet of the order, a bond to cover any and all moneys that they might have in their hands at any time. By the charter of the order it is provided that the corporation shall be managed by not less than four nor more than twelve elected trustees, selected at the annual meeting of the order from the congress then assembled, in accordance with the constitution and by-laws. This board of management of the defendant is styled its cabinet. It was contended on behalf of the defendant and the garnishees that the moneys which the answers to the interrogatories propounded to the latter disclosed to be in their hands and possession at the time of the service of the writ, and which had been paid to them respectively by the members of their respective assemblies upon assessment by the defendant, were moneys of the members of the local assemblies and not of the defendant, since these garnishees had

not been appointed by the defendant as its officers or agents, but were officers of the local assemblies, and agents of the members of these assemblies. We are of the opinion, however, that after the moneys had been paid by the members of the local assemblies to the garnishees, such members ceased to have any ownership or control over them, as they would have done if the garnishees had been their agent. On receiving these moneys it became the duty of the garnishees to hold them for the benefit of the defendant, not indeed as its agents, but as trustees for it, and they became accountable to it as such for these moneys, and were liable on their bonds for the payment of them to the defendant. The service of the writ upon them as trustees of the defendant, they having these moneys in their possession, was a sufficient service of process on the defendant, and the ruling of the court below to that effect, and its refusal to discharge the garnishees, were correct.

The defendant, at the close of the testimony, requested the court to rule that the plea of a former judgment filed in the case should be sustained, the cause of action, the parties and the subject-matter, as contended by the defendant, being the same and identical in this and the former suit. The court declined so to rule and the defendant excepted.

It appeared from the testimony that the commissions sued for in the present suit had been sued for in a prior suit. The record of the prior suit was introduced, and disclosed that a general verdict had been rendered therein and judgment entered thereon in favor of the defendant, prior to the bringing of the present suit.

The defendant requested the court to rule that such general verdict and judgment were a bar to the present suit. This request the court refused, and the defendant excepted.

This and the preceding exception the defendant urges as his third and fourth grounds for a new trial. They may also be considered together. The testimony in the case, outside of the record, showed that the claim, though the same sued for in the prior suit, as stated in the exception, was not due at the time of the bringing of the prior suit; but that it was a claim which accrued to the plaintiff after the bringing of the prior suit.

It is contended for the defendant that this testimony was inadmissible and incompetent, because its effect was to contradict the

record in the former suit, the verdict and judgment in that suit being general; and it was, therefore, not permissible to show by parol that the verdict and judgment in the former suit was because of the premature bringing of the action.

If the effect of the testimony had been to contradict the record, the point would have been well taken ; but such was not its effect. It is true that the verdict and judgment are general, and they are, therefore, so far as the record goes, consistent either with the idea that the case was tried and disposed of upon its merits, or with the idea that the plaintiff's claim had not accrued at the time the suit was brought. Being general, parol testimony was admissible to show upon what the verdict and judgment were based. In Black's Treatise on the Law of Judgments, § 628, it is said: " It is a well-settled rule of law, if a verdict, award, or judgment of a court of competent jurisdiction has apparently, but not necessarily, covered the very ground on which the second action is brought, that this would be, perhaps, *primâ facie* evidence that the matter had passed, *in rem judicatam ;* yet it may still be averred and proved by parol testimony that the cause of the second action was not in issue, and the point to be decided by it was not in fact decided in the former suit." And see *Paine* v. *Schenectady Insur. Co.* 12 R. I. 440, and cases cited. In *Wilcox* v. *Lee*, 26 How. Pr. 418, it was held that in an action for a money demand where the defendants set up a judgment in their favor, rendered by a court of concurrent jurisdiction, for the same cause of action, as a bar, it is competent to go behind the record of that judgment, and show by proof *aliunde* that it was not given upon the merits, but on the ground that the action was prematurely brought, and, therefore not a bar to the present suit. To the same effect is *Bottorff* v. *Wise*, 53 Ind. 32. And see, also, *Cunningham* v. *Foster*, 49 Me. 68 ; *Phillips* v. *Berick*, 16 Johns. Rep. 136 ; *Perkins* v. *Parker*, 10 Allen, 22 ; *Seddon* v. *Tutop*, 6 Term Rep. 607. We do not think the court erred in its refusal to rule in accordance with the defendant's requests.

*New trial denied, and petition dismissed with costs.*

Jacob W. Mathewson, for plaintiff.

Charles A. Wilson & Thomas A. Jenckes, for defendant.