CASES IN CHANCERY.

HARRIS AND OTHERS *v.* YOUMAN AND OTHERS.

DISTINCTION between the demurring of the parol, and the giving a
day to an infant to show cause.

It is the general rule of the court, that an infant defendant is to
have six months after coming of age, to show cause against a de-
cree. And this must be done whenever his inheritance is bound,
whether he is decreed to execute a conveyance or not, except
in certain cases provided for by statute. The case of *Sheffield*
v. *Buckingham* doubted. (*West's Rep.* 684.)

The right of the parol to demur, is abolished in our state by sta-
tute, in all cases of descent or devise. The debt of the ancestor
may be levied by execution, with a respite in case of infancy,
for one year. By the acts of 11 Geo. IV. and 1 Wm. IV. this right
is also abolished. The rule of the English court still however
continues to give the infant a day. Statutory regulations dis-
pense with it in specific instances, such as in partition and fore-
closure.

*Quære*, if upon a bill of strict foreclosure in our state, a convey-
ance by the mortgagor should be decreed.

Nov. 22.     IN settling the decree in this cause, a question was sug-
gested by Mr. E. Paine, counsel for the complainant, as to
the necessity of giving the infant defendant a day to show
cause against the decree.

THE ASSISTANT VICE-CHANCELLOR :—Edward Dough-
ty recovered a judgment against William Brady, on the
10th of January, 1818. Upon a sale under such judg-
ment, one Douglass became the purchaser, and received
the sheriff's deed on the 9th of March, 1819. The com-
plainants claim under him. A deed had been executed
by Brady to F. V. Blossom, dated the 3d day of January,
1818, but which the bill impeaches as fraudulently ante-
dated; and it is clearly made out in proof, that it was not
executed until the month of February, 1818, and was
without consideration. The court has determined that
it must be set aside. Some of the defendants, heirs of
Blossom, are infants. The question is, as to giving them
a day to show cause.

In the case of *Price* v. *Carver*, (3 *Mylne & Craig,*

161,) this subject was entered into at length. The bill was by an equitable mortgagee for a foreclosure, and the decree as finally settled was, that the infant upon coming of age, convey the premises, with the usual clause, that the decree be binding upon him, unless upon being served with a subpœna, he show cause against it within six months after coming of age.

The Lord Chancellor there notices the difference between the parol demurring and the giving a day to show cause. He considers that the parol demurred in equity only where it demurred at law; and cites *Plasket* v. *Beeby*, (4 *East*, 485,) as well explaining the origin and limits of the rule at law.

From the case of *Price and Carver*, and that of *Lechmere* v. *Brasier*, (2 *Jac. & Walker*, 281,) it appears, that where real estate descended to an heir at law, and there was not a trust power to sell, specialty creditors could not obtain a sale of the real estate, until the infant came of age. But if there was a devise in trust to sell, or a power to sell and convey, so that a deed could be executed by another, competent to transfer the legal title, the parol could not demur, nor was a day given to show cause. (*Black* v. *Wilder*, 1 *West's Rep.* 341.) And where a sale was directed to be made, but no power given to executors or others to make it, and therefore the estate descended to the infant as heir, clothed with a trust to sell, the parol did not demur, but a day was given to show cause against the decree upon coming of age, and the conveyance was not to be executed till then. (*Uvedale* v. *Uvedale*, 3 *Atk.* 118. *Blatch* v. *Wilder, ut supra. Pope* v. *Gwyn*, 4 *Vesey*, 370, n.)

It was said by Lord Hardwicke, (*Sheffield* v. *Buckingham, West's Reports*, 684,) that he took it to be the course of the court, not to give a day, unless a conveyance is directed, either in form or substance. And in *Wilkinson* v. *Oliver*, (4 *Hen. & Mumf.* 450,) it is said, that whenever an infant is decreed to do an act, he must have six months given him after coming of age in the decree; but not where lands are decreed to be sold, unless he is to

1839.

Harris and others.
*v.*
Youman and others.

1839.

Harrris and others *v.* Youman and others.

join in the conveyance.   See also *Bingham* v. *Clanmorris*, 2 *Molloy*, 393.   But a careful examination of the cases shows, that even upon the foreclosure of mortgages, this clause is inserted.   (*Matlock* v. *Galton*, 3 *P. Wms.* 352. *Lyne* v. *Wallis*, *Ibid.* n.   *Williamson* v. *Gordon*, 19 *Vesey*, 114.)   I apprehend the English rule to be, that, except in special cases, such as where there is an equitable mortgage only, no conveyance is ordered upon a bill of foreclosure.   The legal title passed, by the English doctrine, under the mortgage, and the equity in this court was extinguished by the foreclosure.   (3 *Powell on Mortgages*, 988, 965.   *Williamson* v. *Gordon, ut supra.*)   So in our court in former times, the decree declared only the equity of redemption barred, and ordered a delivery of title deeds.   (*Browne* v. *Gold*, 16*th May*, 1800.   *Knox* v. *Pollock*, 3*d July*, 1800.   *Cooper* v. *Kirkland*, 11*th August*, 1800.)   In the case of *Pye* v. *Danbury*, 3 *Br. C. R.* 595, a mortgage was made in fee, where the party was only tenant in tail, and there was a covenant for further assurance.   This was held binding on his assignees, he having become bankrupt, and it was urged that they were bound to suffer a recovery.   The decree was for them to execute proper conveyances upon being foreclosed.   Here the title under the mortgage as it stood, was not perfect.

The leading case of *Spencer* v. *Boyes*, (4 *Vesey*, 370,) illustrates the English rule.   There, copyhold lands were mortgaged in fee, by lease and release.   There was a covenant for further assurance.   This was held to bind the customary heir.   But as he was an infant, the decree (the bill being for foreclosure,) was that an account be taken, &c., and upon the defendants paying to the plaintiffs the amount reported due, &c., the plaintiffs were to re-convey, but in default of such payment, the plaintiffs were to be let into possession of the premises, and to hold the same until the defendant should attain twenty-one years of age, and upon attaining that age, the defendant was to surrender the mortgaged premises, and the decree was to be binding upon the infant, unless, &c.

So, *Price* v. *Carver*, before cited, and *Scholefield* v. *Heafield*, 7 *Simons*, 670, were cases of equitable mortgages.

Again, in *Eyre* v. *The Countess of Shaftsbury*, (2 *P. Wms.* 120,) it is said by Sir Joseph Jekyll, that in all decrees against infants, even in the plainest cases, a day must be given to show cause when they come of age. The case of *Sir John Napier* v. *Effingham*, (1 *P. Wms.* 401, 3 *Br. P. C.* 1,) is much in point. The infant brought a bill to be relieved against several settlements unduly obtained: And the defendant, Lady Effingham, brought a cross bill, to have a conveyance to an estate settled on her by a particular deed, and for other purposes. A decree was made, among other things, dismissing the original bill as to a particular settlement. On an appeal to the House of Lords, so much of the decree as directed the dismissal of the plaintiff's bill, in relation to a settlement of July, 1818, was affirmed, with the addition of the words, "un-" less the plaintiff, Sir John Napier, shall, &c." And as the cross cause was also before the court, the decree further directed, that the trustees should convey, "unless the " said Sir John should within six months, &c."

We see in this decree an example of a conveyance by trustees respited, until the infant who would have other-wise inherited the lands, came of age.

When the cause was afterwards before the court of chancery, upon a petition of Sir John Napier upon coming of age, leave was given him to amend his answer to the cross bill, and to re-hear the causes. And the court say, that all decrees against infants give six months after they come of age, to show cause. But the amending the original bill after a dismissal upon the merits, was held to be without precedent, and refused. This order was affirmed by the Lords. (3 *Br. P. C.* 301.)

See also *Kelsal* v. *Kelsal*, (2 *Mylne & Keen*, 409,) in which Lord Brougham went carefully into the cases respecting an infant's rights to make a new defence, and the principles on which they proceed.

Sales in England have sometimes been ordered upon bills of foreclosure, with the mortgagee's consent, and I

suppose upon the general right of a specialty creditor, to obtain a sale. (*Mondey* v. *Mondey*, 1 *Ves. & Bea.* 223. *Seaton on Decrees*, 274.) But prior to the statute 1 *Wm. 4, C.* 47, § 1, the infant was not to convey until of age, and of course had his day. By that act, where any suit is instituted for the payment of debts, and a decree of sale is made, the court may compel the infant to execute conveyances, which shall be as effectual as if the infant was of full age.

It appears to me as the result of these authorities, that in England, independent of statutory provisions, the rule generally is, that wherever the inheritance of an infant is bound by a decree, there must be a day given him to show cause, whether a conveyance is decreed or not. The parol demurring stays all proceedings in the suit, except that a receiver will sometimes be appointed. (*Sweet* v. *Partridge*, 1 *Cox*, 433.) But when the cause goes on, the decree is completed, with a respite of conveyances if necessary, and with a day to show cause, whether they are requisite or not. I have already noticed some exceptions.

In applying these rules of the English court to cases in our own state, there are some instances in which statutory provisions remove all difficulty. Under the act of 1813, (1 *R. L.* 316,) the privilege of the parol demurring was abolished; the action was not to be delayed by reason of the nonage of the heir or devisee sued. By the present law, suits against heirs and devisees, are not to be suspended by reason of their infancy, but guardians are to be appointed, as in other cases. (2 *R. S.* 454, § 43.)

Suits may now be prosecuted against heirs and devisees jointly, either at law or in equity, to charge them with the debts of the ancestor, on account of lands descended. (2 *R. S.* 456, § 60. *Laws* 1837, p. 537, § 73, 74. *Parsons* v. *Browne*, 7 *Paige*, 360.) When it is found that the heir has lands descended to him, not aliened at the commencement of the suit, the court is to decree that the debt be levied of such real estate descended. (2 *R. S.* 454, § 47,) and by the 54th section, execution on this decree where

the devisee or heir is an infant, is suspended for one year. See also, 1 *R. L.* 1813, § 6.

Now by the statute of 11 Geo. IV. and 1 Wm. IV. c. 47, § 10, the abolition of the right of the parol to demur is made in terms even more comprehensive and decisive than in our own act. Yet Lord Cottenham, in *Price* v. *Carver*, proceeds upon the distinction between the parol demurring and giving a day to show cause, and holds the latter requisite where the former was abolished. Under our statute the debt is to be levied by execution and a sale is made by the sheriff. No conveyance is therefore necessary from the infant. But still the point is not reached whether the day to show cause must not be given, and all the consequences of making a new defence be allowed.

In partition cases in England, the parol does not demur at law, nor has the infant a day to show cause. But in equity, although a decree be made, conveyances must be executed and are respited in cases of infancy until the arrival at age of the party. In our own court, conveyances were held unnecessary under the old statute. The decree was the same as the judgment at law. (See the cases *Hoffman's Ch. Pr.* vol. ii. p. 205, 206.) In the work referred to I have stated the practice sometimes adopted of having conveyances, and the objection to the execution of a deed on behalf of an infant by a guardian *ad litem*, (p. 206.) When a sale is ordered in a partition suit the provisions of the statute are so ample and decisive, as to dispense with the necessity of giving the infant a day.

In mortgage cases it was formerly the course of our court to direct a sale by the sheriff where the mortgagor was absent or concealed ; and in ordinary cases to decree it under the direction of a master, with all proper parties to join in the deed. See the statutes and cases, 2 *Hoffman's Ch. Pr.* 95, n. 3. In *Samler* v. *Durry*, 10th January, 1801, such a decree was made, with a day given to the infant to show cause, six months after coming of age, upon being served with a subpœna. A like decree was made in *Gardner* v. *Robertson*, 15th September, 1800. In April, 1801, the first act was passed authorizing sales and

conveyances by a master. (1 *Webster & Skin.* 443, § 13.) The provision is contained in that act which has been adopted in every subsequent statute, that the master's deed should be of the same validity as if executed by the mortgagee and mortgagor, and be an entire bar against them and their heirs. From that time I presume no decree in such a case has given a day to show cause. And by the statute, and the universal practice, the omission is fully sanctioned.

It may be that the doctrine in our state respecting mortgages is so entirely changed, as that even upon a bill of strict foreclosure, a conveyance by the mortgagor should be decreed, and in a case before me in October term, 1839, I directed a clause to be inserted that the complainant might, if advised, compel a release from the mortgagor, without however it being deemed essential. If the heir was an infant, of course in such a case a day must be given. If on the other side, the bill is to redeem a mortgage, a declaration and decree that it is satisfied might be sufficient. The execution of a satisfaction piece is of course so. But if either this or a conveyance was deemed necessary, and the infant was an heir, there would be something for him to do, and he must have his day.

In *Braxton* v. *Lee's Heirs*, (4 *Hen. & Mumf.* 389,) commissioners were appointed to set out dower, and they awarded that the guardian of the infant should pay at the rate of $50 per annum for rents and profits from the time the bill was filed. The decree was held void, among other things, for not giving the infant a day to show cause.

In *Wilkinson's Ad.* v. *Oliver's Representatives*, (4 *H. & Mumf.* 450,) there was a decree for sale of lands to pay debts ; commissioners to conduct it. The chancellor said, where the infant is decreed to do an act, as where he is foreclosed, a day is given. But not where lands are decreed to be sold unless he is to join in the conveyance. Commissioners execute deeds in Virginia when a sale of land is decreed.

Upon the whole I consider that the rule is broader than Lord Hardwicke stated it in the single case referred to,

and that in general the infant must have his day, where 1839. his inheritance is affected. The exceptions in our state grow out of statutory provisions, and the constant course of the court, and have already been adverted to. The usual clause must be inserted in the present decree.