WILLIAM PERRY, in equity, *vs.* MARIAN PERRY *et al.*

Knox, 1875.—August 4, 1876.

*Equity. Trust. Pleading. Infancy.*

Though a suit may proceed against an infant, defending by his guardian, no decree for the conveyance of real estate will be made against him till he comes of age.

To a bill in equity to enforce a resulting trust in land against the widow and infant son of one W. A. P., (in whom the legal title was,) on the ground that the plaintiff made payment in cash towards the premises which were conveyed to W. A. P., who gave his notes for the residue secured by a mortgage of the same premises, which notes were taken up by the plaintiff except a balance which W. A. P., subsequently agreed to, and did, pay in consideration of extra advances previously made by the plaintiff, his father,

to him, the respondents demurred and pointed out the following grounds of demurrer: 1, the bill did not allege except inferentially that W. A. P., was dead; 2, it did not allege that he died seised of the trust, or that the respondent had or claimed to have any title to the premises in question; 3, it contained no prayer for general nor for particular relief, and did not specify the relief desired, or the mode or manner in which it was to be afforded; 4, it did not allege that the notes of W. A. P. were furnished other than on his own account.

*Held*, that the bill as drawn was defective, and that the demurrer thereto be sustained.

BILL IN EQUITY to enforce a resulting trust.

*D. N. Mortland & G. M. Hicks*, for the plaintiff.

*A. S. Rice & O. G. Hall*, for the defendants.

APPLETON, C. J.   The complainant brings this bill to enforce the execution of a trust in his favor.   He alleges that on September 10, 1856, he bargained for and purchased of John S. Harding a certain tract of land specifically described and set forth in the bill; that the same was conveyed by said Harding to William A. Perry, to hold in trust for this complainant "for a consideration of four hundred dollars in cash paid down and then furnished" by him, "and of three promissory notes of said William A. Perry, secured by a mortgage of said lot and buildings by said William A. Perry to said Harding;" that this complainant "furnished money with which to pay and take up said notes, and that with the money so furnished, said notes and interest thereon had been paid either by this complainant or said William A. Perry, on or before the 27th of July, 1859, except $160.89; that on said 27th of July, 1859, Octavia Harding, administratrix on the estate of said John S. Harding, deceased, discharged the said mortgage, and on the same day William A. Perry mortgaged said lot and buildings to said Octavia, to secure the payment of $160.89; that this complainant had assisted William A. Perry, more than his other children, in consideration of which he promised to discharge the last mentioned mortgage, and that said William A. has in fulfillment of his promise paid and discharged said last mentioned mortgage.

The bill further alleges that this complainant has occupied unmolested to the present time the premises in controversy.

The defendant has demurred to the bill, thereby admitting all facts duly set forth therein.

The bill nowhere alleges, except inferentially, that William A. Perry is dead. It does not assert that he died seized of the alleged trust or that the respondents have or claim to have any title to the premises in question.

The bill contains no prayer for general nor for particular relief. It fails to specify the relief desired or the mode and manner in which it is to be afforded. Story's Eq. Pl., §§ 40, 41, 42.

If the conveyance to William A. Perry was to "hold in trust" for this complainant, as the bill alleges and the demurrer admits, and that fact is set forth in such conveyance, it would be a trust within R. S., c. 73, § 11.

The bill alleges a payment by the complainant of "four hundred dollars in cash then paid down or furnished" by him, and of five hundred and fifty dollars in the notes of William A. Perry; but it does not allege that those notes were furnished by the complainant, or at his instance, or for his benefit.

If there was no written trust, then there could only remain a resulting trust, arising from the implication of law.

When two persons make a purchase and one of them pays a definite proportion of the purchase money, intending thereby to secure an interest in the land, a trust will result in his favor in the proportion of his payment to the whole sum paid. But such payment must be for a specific and distinct interest in the estate. *McGowan* v. *McGowan*, 14 Gray, 119. *Dudley* v. *Bachelder*, 53 Maine, 403. It will be perceived the bill contains no allegation of a trust for a portion of the estate. Neither does it contain any allegation that the notes of William A. Perry were furnished other than on his own account. The payment or advance of money after the purchase has been completed will not create a resulting trust. The mere fact, therefore, that subsequently the complainant paid the notes of his son, will not create a resulting trust. The general doctrine is that the consideration of the purchase must belong to the *cestui que trust*, or should be advanced by some other person as a loan or gift. The resulting trust, too, must arise at the time of the purchase and not subsequently.

The bill is against Marian Perry, the widow of William A. Perry and the administratrix upon his estate, but it is no where asserted that she held the real estate in controversy in trust.

William A. Perry is a minor. It is not alleged that the title to the premises in controversy is in him. But assuming it to be, and that the complainants by amendments to his bill and proof can establish the existence of a trust, it cannot be conclusive against the infant during his minority. Infants are within the protection of the court even after attaining twenty-one, till such time as they have acquired or had time to acquire proper information. Lewin on Trusts, 777. It is the general rule that an infant is to have six months after coming of age to show against a decree. *Harris* v. *Youman*, 1 Hoff., 178. Though a suit may proceed against an infant, defending by his guardian, no decree for the conveyance of real estate will be made against him till he comes of age. *Coffin* v. *Heath*, 6 Metc., 76. *Whitney* v. *Stearns*, 11 Metc., 319. Story's Eq. Pl., § 70.

The bill as drawn is defective. The complainant on motion, if he deems it advisable, may have leave to amend upon terms to be fixed at *nisi prius.*                    *Demurrer sustained.*

WALTON, DICKERSON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.