CHARLES WRIGHT, Respondent, v. SANDERSON & SIMS, Appellants.

Kansas City Court of Appeals, February 8, 1886.

1. DAMAGES—DIRECT AND CONSEQUENTIAL—INSTRUCTION—CASE ADJUDGED.—When the action is for direct damages on account of defendant's failure to perform his contract, the measure of damages is the sum which it would reasonably take to make the work conform to the requirements of the contract, on the principle that the plaintiff is entitled to work such as he contracted for. But where the action is for consequential damages, as that the failure to perform the contract compelled the plaintiff to expend money for which plaintiff sues, then it is competent for defendant to show, and it is a valid defence, that the alleged damages were not caused by the failure to perform on his part, but by the defective plans of plaintiff as to the character of the work to be done.

**2.** PRACTICE—THEORY OF CASE IN TRIAL COURT—WILL BE REVIEWED
HERE ON SAME THEORY.—Where a case was tried on a particular
theory in the court below, it must be reviewed by this court on the
same theory.

APPEAL from the Randolph Circuit Court, HON. G.
H. BURCKHARTT, Judge.

*Reversed and remanded.*

Statement of case by the court.

The petition in this case avers that the defendants,
as partners, in consideration of a certain sum to be paid
by plaintiff, agreed "to do all the brick and stone
work in building the foundation and walls in a cer-
tain dwelling house plaintiff was erecting on Franklin
street, in the city of Moberly, Mo.," obligating themselves
to furnish all material used in doing said work.   The pe-
tition states that the defendants agreed to do said work in
a good, workmanlike manner, and to furnish, in the con-
struction and building of said foundation and walls,
good, first class material.   The petition alleges that the
plaintiff performed the contract on his part, and paid to
the defendants the amount agreed upon, and then alleges
a failure on the part of defendants to perform the con-
tract on their part, in this : "That the materials furnished
by the defendants in the building and construction of said
foundation and walls were not good and first class mate-
rials, but were inferior in quality and insufficient in
quantity ;" and also in this : "That defendants did not
do the work on said foundation and walls, in a good and
workmanlike manner ; and plaintiff states that by reason
of the defective, inferior, and insufficient material used
by defendants in building said foundation and walls, and
the unskilful and unworkmanlike manner in which said
foundation and walls were built, said foundation and
walls gave away, and became dangerous and unsafe for a
dwelling, and useless to plaintiff as such, and plaintiff
was compelled to pay large sums of money in order to
place said building in a safe condition, and render it

habitable and useful as a dwelling." The petition also alleges : "That, by reason of the unskilful and unwork- manlike manner in which said foundation and walls were built, and the defective, inferior and insufficient material put in the same, the building cracked, settled, and the walls thereof separated, thereby injuring the wood work and plastering in the building, and plaintiff was com- pelled to spend large sums of money in repairing said wood work and plastering." The petition further states as follows: "Plaintiff states, that by reason of the premises aforesaid, he was compelled, in order to make said dwelling safe, useful, and habitable, as a dwelling, and to put the same in the condition that it should have been put under the terms of said contract, and by reason of 'defendants' failure to comply with their contract, as aforesaid, he was compelled to spend the following sums of money," etc. For which said sums judgment is asked.

The answer is a general denial of all the allegations of the petition, except such as are admitted by the an- swer. The answer then admits that the defendants "did furnish the material and build a house for plaintiff." The answer then specially denies the other allegations of the petition.

The evidence was conflicting. The evidence for plaintiff tended to establish the allegations of the peti- tion. The evidence for the defendants tended to contra- dict those allegations, and to prove that the damage to the building was caused, and that the expenditure of the sums of money, for the recovery of which this action was brought, were made necessary by the defective plan of the wall as to its depth in the ground, and also by the character of the ground upon which the foundation wall rested, the said ground being so soft as to permit the wall to sink into it.

During the trial the plaintiff announced that he abandoned all right to recover for any defect in the brick work, and would be limited, in his recovery, to the foundation, which was of stone.

The court, of its own motion, gave the following instructions:

"If the jury believe, from the evidence, that defendants contracted to build for plaintiff a foundation and cellar wall of good material, and in a workmanlike manner, and defendants failed to build said foundation and cellar wall according to contract, and plaintiff was damaged in consequence of such failure, they will find for plaintiff the amount of such damage; but if the jury believe defendants complied with their contract in building the foundation and cellar wall, they will find for defendants."

"If the jury find for plaintiff, the measure of damages is the amount that it would cost to make the foundation and cellar wall of the size, and as good as the contract required."

For the defendants the court gave the following instruction:

"3. If the jury believe from the evidence that said building was damaged from sinking, in consequence of the ground at the bottom of the foundation being so soft and unfit for the support of a foundation used in such a house, then defendants are not liable in this action, provided the jury further find that said foundation and walls were built according to contract."

The court refused to give for the defendants the following instructions:

"1. If the jury believe from the evidence that there was a contract between the plaintiff in this cause and the defendants, in which defendants were to build a brick house for plaintiff, according to certain plans and specifications set out in such contract, and further find that defendants built said house as specified in said contract, and in a good and workmanlike manner, and furnished good material to be used in said house, then plaintiff cannot recover in this action, and the jury must find for the defendants."

"2. Although the jury may believe the foundation and cellar walls were not built exactly according to con-

tract, yet if the jury further believe that said failure was not the cause of the building giving away, but that owing to the defective plan of the wall as to its depth in the ground, the wall would have given away anyhow, then the verdict must be for defendants."

W. A. MARTIN, for the appellants.

I. The two instructions given by the court, of its own motion, are in conflict. By the *first* they could find any amount plaintiff might expend in repairing his house, while on the *latter* (second) they were limited to what it would take to make a wall, which was partly made, come up to a certain standard. *Henschen v. O'Bannon,* 56 Mo. 289; *Road Co. v. Renfroe,* 58 Mo. 265; *Goetz v. Railroad,* 50 Mo. 472. Besides, the *second* of these is as to an issue not raised by the pleadings, and on which there is no evidence. It is, therefore, bad in itself. Thomps. Charg. Jury, 87; *Snider v. Exp. Co.,* 63 Mo. 376; *College v. Tyler,* 35 Mo. 268: *Camps v. Hulen,* 43 Mo. 591.

II. Defendants' *second* instruction should have been given. It makes no difference whether the work was done according to the contract or not, if the damages sued for were the result of some other cause, and not the defective performance; or, if the implicit compliance with the contract by defendants would not have prevented it. If the defendants *failed* to perform the work as per contract, and the wall gave way, *but not on account* of the *defective work*, but because of a *defective plan*, then there is no liability in this action. *Clark v. Hannell,* 27 Mo. 55; *Sawyer v. Railroad,* 37 Mo. 241; *Budd v. Hoffheimer,* 52 Mo. 297; *Ellis v. McPike,* 50 Mo. 574. Defendants' *first* instruction also should have been given. It presents a perfect defence on one issue.

HOLLIS & WILEY for the respondent.

I. There is nothing misleading in the instructions given by the court of its own motion. The *first* lays down the general rule of damages for failure to comply

with the terms of a contract. The *second* instruction declares the measure of damages as specially applicable to this case.

II.    Defendants' instructions were properly refused. The *first* was covered by the one given by the court, and the *second* does not lay down a correct principle of law. *Shottlemeyer v. Babb*, 7 Mo. 578; *Martin v. Singlee*, 55 Mo. 577; *State v. Miller*, 67 Mo. 604.    There was no issue raised by the pleadings on which to base said *second* instruction.    *Budd v. Hoffheimer*, 52 Mo. 297; *Capital Bk. v. Armstrong*, 62 Mo. 59; *Bank v. Murdock*, 62 Mo. 70.

III.    When the building has been completed, but differs in plan of construction, or in materials employed, from that which the builder contracted to erect, and this is the only element of damages, and there has been no waiver, the true rule for estimating the damages sustained by the owner, whether the action be for the contract price, or for the value of the labor and materials, is to ascertain what it will *cost to make the building conform to what the builder contracted it should be.* *Haysler v. Owens*, 61 Mo. 275.

IV.    The answer simply denies that defendants failed to build the house according to contract, setting up no justification, or excuse, for the breach of the contract, but denying that plaintiff sustained any damage by any default of theirs.

HALL, J.—The first question for us to determine is, is this an action to recover direct or consequential damages on account of the defendants' failure to perform their contract?

The plaintiff having abandoned so much of his petition as referred to the brick wall of his house, this action is for damages caused by the defendants' failure to build the stone foundation wall in accordance with the terms of their contract.    Whether for direct or consequential damages, must be determined from the petition.

If this is an action for the direct damages caused by

such failure on the part of the defendants, the measure of damages is the sum which it would reasonably take to make the foundation wall conform to the requirements of the contract. *Haysler et al. v. Owens*, 61 Mo. 272. This is so on the principle that the plaintiff was entitled to a foundation wall such as the defendants contracted to build. And this is so whether or not the plaintiff had expended said sum, or, in case he had expended said sum for said purpose, without regard to what had induced him to do so. So that, if this is an action for such direct damages, the plaintiff is entitled to recover in accordance with the measure of damages above stated, whether or not any consequential damages resulted from the defendant's failure to build the foundation wall according to their contract—provided, there was such failure on the part of defendants. Although consequential damages did result to the house from such failure of defendants, the plaintiff could, if he chose, waive his right to recover on account thereof, and still recover the direct damages on account of said failure.

It is very evident that the petition is not framed with an idea to such direct damages. There seems, from the petition, to have been a settlement between plaintiff and defendants, under the contract. That is, it seems that the house was completed by defendants, and accepted and paid for by the plaintiff. There is no allegation of want of notice or information by the plaintiff, at the time of payment, that the foundation wall was not such as called for by the contract. There is no averment in the petition as to the time at which plaintiff first learned that the foundation wall was not such as the contract required it to be. The petition does not allege that upon a discovery that the foundation wall was not such as it should have been, under the contract, the plaintiff proceeded to have it so made. But the petition does allege that the failure of defendants to construct the foundation wall as called for by the contract, caused said foundation, and the walls of the house, to give away, the building to crack and settle, and the walls thereof to

separate, thereby injuring the wood work and plastering in the building; and that thereby the house was rendered dangerous, unsafe and uninhabitable; and that in order to make it safe, useful, and habitable as a dwelling, "and to put the same in the condition that it should have been put, under the terms of said contract," the plaintiff was compelled to and did expend certain sums of money. The expenditure of the money was not the direct result of defendants' failure to perform their contract, but was, as alleged, the consequence of a certain condition of affairs stated to have been caused by the defendants' said failure. The damages for the recovery of which this action is brought, are clearly consequential damages. They are not too remote. But, different from the direct damages, which are simply the difference between the value of the foundation wall as built, and the said wall as it should have been built, under the contract, no recovery should be had by the plaintiff on account thereof, unless they were caused by the failure of defendants to perform their contract.

It is true that the court, in the instructions given of its own motion, limited the plaintiff's recovery to the amount necessary to make the foundation wall "of the size, and as good as the contract required." This is the true measure of damages in a case for the recovery of direct and not of consequential damages. The measure of damages as thus declared was too limited for a case like this. On account of this the defendants cannot complain, as they were not injured thereby. But this action, an action for consequential damages, was not converted into an action for direct damages by said instruction declaring the measure of damages. The action remained such as the petition made it, and should have been tried as such.

The second instruction asked by the defendants should have been given. There was sufficient evidence in support of it. Abstractly considered that instruction states a correct proposition of law. If the damages, for the recovery of which the plaintiff seeks in this action,

were not caused by the failure of defendants to perform their contract, but were caused by the defective plans of the foundation walls "as to its depth in the ground," the plaintiff was not entitled to recover. The error of the court in refusing said instruction was not cured by the instruction as to the measure of damages. This action, as we have said, is an action for consequential damages; to prove the damages evidence was introduced; as an action for consequential damages it was treated by the court in all of the instructions, except in the one as to the measure of damages; we cannot, and will not, therefore, hold that, by reason of the erroneous instruction as to the measure of damages, the plaintiff should have recovered, even though the jury might have found from the evidence that the defective plan of the foundation wall, and not the failure of defendants to perform their contract, caused all the damages for which a recovery was asked. The case was tried on the theory that it was for consequential damages, and it must be reviewed by us on the same theory. To do otherwise would be especially unfair in this case, in which the evidence was confined exclusively to the consequential damages.

For the refusal by the court of defendants' second instruction the judgment must be reversed. The first instruction asked by the defendants, and refused by the court was substantially the same as the first instruction given by the court on its own motion. On account of said refusal the defendants cannot complain.

The judgment is reversed and the cause is remanded. All concur.