## JESSE CHISOLM VS. THEODORE WEISSE.

1. Findings of fact made by townsite commissioners, appointed by a probate judge under authority of the act of congress approving the treaties with the Pottawatomie Indians, are .not conclusive, but are merely *prima facie*, or advisory, and a court of equity will, on a proper showing, re-examine the questions of fact as to settlement and occupancy, and cause the lot to be conveyed to the person who, under the law, should have received the same. ·

2. The townsite of Tecumseh was entered under the provisions of §§ 2387 and 2388, R. S. U. S., as modified and amended by the act of congress of March 3, 1891, and the trust was to be executed as provided by the townsite laws of Kansas.

3. The townsite laws of Kansas had received judicial construction by the supreme court of that state prior to their adoption by congress for Oklahoma, and the courts here will follow that construction.

*Error from the District Court of Pottawatomie County.*

*Reddick, Lewis & Snyder,* for appellant.

*J. H. Woods,* for appellee.

The opinion of the court was delivered by

BURFORD, J.: This was a suit in equity by the defendant in error to have the plaintiff in error declared a trustee for him for a lot in the town of Tecumseh, the county seat of Pottawatomie county. The townsite of Tecumseh was set apart by the secretary of the interior under the authority of the act of congress approved March 3, 1891, 26, Stat. L. p. 1026, and was at the opening of the Pottawatomie reservation to settlement, entered by the probate judge of that county for townsite purposes under the provisions of the act of congress above cited. After the entry had been made the probate judge appointed three commissioners as provided in the laws of the state of Kansas,

regulating townsites on the public lands. The plaintiff and the defendant both made claim before said commissioners to the lot in controversy, and the townsite commissioners awarded said lot to the plaintiff in error, and the probate judge conveyed, by trustee's deed, said lot to the plaintiff in error. The defendant in error brought his action in the district court to have the plaintiff in error decreed to hold the title in trust for him, and to compel a conveyance of said lot. The case was tried in the district court, and finding and judgment had in favor of the defendant in error, and a decree entered directing the plaintiff in error to convey the lot in question to the defendant in error, and upon failure, that a commissioner be appointed to make said conveyance. From this judgment, plaintiff in error appeals to this court.

The only question presented by the brief of counsel for plaintiff in error and relied upon by them is, that neither the referee appointed in the district court to take the testimony in said cause, or the court had any right to examine into the question of fact upon which the decision of the townsite board was based, and they cite in support of this proposition the case of *Twine vs. Carey*, decided by this court and reported in 37, Pac. 1097. The case of *Twine vs. Carey* presented an entirely different question from the one involved in this case. The townsite board in that case was appointed by the secretary of the interior, under the act of congress approved May 14, 1890, and they were held to be government officers, appointed for the purpose of hearing and determining controversies between lot claimants, and that their decisions on question controverted of fact had the same force and effect as when made by registers and receivers of the United States land office.

The case at bar arises under a different statute. The act of congress of March 3, 1891, provides in ref-

erence to the Pottawatomie and Shawnee and Cheyenne and Arapahoe reservations that as soon as the county lines are designated by the secretary, he shall reserve, not to exceed one-half section of land in each county, to be located near the center of the county for county seat purposes, to be entered under §§ 2387 and 2388, R. S. U. S. "Provided, that in addition to the jurisdiction granted to the probate courts and the judges thereof, in Oklahoma Territory, by legislative enactments, which enactments are hereby ratified, the probate judges of said territory are hereby granted such jurisdiction in townsite matters, and under such regulations as are provided by the laws of the state of Kansas." The townsite of Tecumseh was entered by the probate judge under the provisions of §§ 2387 and 2388, of the Revised Statutes of the United States. The land embraced within the townsite was conveyed by the United States, by patent, to the probate judge, in trust for the benefit of the several occupants as their interests might appear.

The mode of determining who the rightful occupants were and the manner of passing the title from the probate judge to such occupants was that prescribed by the laws of the state of Kansas, congress having adopted for this purpose the laws of that state. The commissioners appointed by the probate judge were required, under the laws of the state of Kansas, to cause a survey to be made, then give thirty days' notice, and proceed, on the day designated in such publication, to set apart to the persons entitled to receive the same, the lots, squares or grounds to which each should be entitled according to their respective interests, including in the portion or portions set apart to each person, or company of persons, the improvements belonging to such person or company. The commissioners were then required to levy a tax upon all the lots and improvements, according

to their value, sufficient to pay all costs and expenses and no deed was to be made until such tax should be paid. At the time these statutes were adopted by the act of congress referred to, they had received judicial construction by the supreme court of the state of Kansas, and under the well known rule of construction, that the adoption of the laws of another jurisdiction carries with it that construction placed upon such laws by the jurisdiction from which said laws are adopted, the construction placed upon said laws by the supreme court of the state of Kansas should control the courts of this territory in determining their meaning and effect.

The supreme court of the state of Kansas in *Rathbone vs. Sterling*, 25 Kan. 308, had under consideration the identical question involved in the case at bar, and Justice Brewer, speaking for the court, said:

"We understand the scope of the act of congress, as well as the state statute, to be to secure to each occupant the lots actually occupied by him. This is a fixed and vested right—something not resting in the dscretion or depending upon the award of the commissioners. The commissioners are to examine and ascertain who are occupants, and what lots they occupy. They do not create the right. They simply inquire as to the existing right. Their report is *prima facie* evidence, but their action is not conclusive. Even if it were conceded that they are a *quasi* judicial tribunal, their decision and award partaking of the nature of a judicial determination, still that would not settle the conclusiveness of their action. Many determinations in courts of unquestionable judicial nature, are not final and conclusive and do not bar a subsequent inquiry and investigation.   *   *   *

"It seems to us that the legislature intended that there should be no final trial or conclusive adjudication; that as to such questions as arise in this case, their award should be simply *prima facie* evidence of occupancy and right. The officers are strictly commissioners and not a court. They inquire into and

report facts; they do not decide disputes or render judgments.

"Our conclusion, then, is that in a case in which there was a single occupant of a lot the award of the commissioners and the subsequent deed of the probate judge are are not conclusive against the right of the occupants."

This was the construction given to the laws of Kansas at the time congress adopted them as the law to regulate the action of the probate judges and commissioners, in disposing of the lots embraced in the townsite of Tecumseh, and aside from the construction placed upon said laws by the highest court of that state, we believe the construction to be a reasonable and proper one. When a townsite is entered by the probate judge under the provisions of §§ 2387 and 2388, R. S. U. S., and patent issues therefor, the government parts with all title in the land, and the executive officers with all control thereof. The trust is to be executed in such manner as may be prescribed by the laws of the place where the land is situated. In the other class of cases referred to in the case of *Twine vs. Carey, supra*, a different rule prevails for the reason that the lands are still subject to the powers and control of the officers designated by congress for the purpose of determining who are the rightful occupants, and who shall receive the title. In the one case the government surrenders its control and in the other retains it. In such cases as the one at bar if the commissioners appointed by the probate judge in attempting to determine who the occupant of any particular lot is, should make a mistake and award the lot to one not entitled to the same, there is no question but that a court in a proper proceeding may inquire into the facts and correct such mistake and cause the title to said lot to be conveyed to him, who would have received the same had such mistake not

been made. (*Brown vs. Parker*, decided by this court September 7, 1894.)

There was no error in the district court inquiring into the facts in this case and determining who was entitled to the lot in controversy.

The judgment of the district court is affirmed.

Scott, J., not sitting; all the other Justices concurring.