## T. F. McKennon v. Annie McKennon.

(Filed Sept. 4, 1900.)

1. ALIMONY PENDENTE LITE—*Order For.* By sec. 4548, Statutes of Oklahoma, 1893, after a petition has been filed in an action for divorce and alimony or for alimony alone, the court or a judge thereof in vacation may make an order for the support of the wife during the pendency of the suit, and in doing so the court exercises discretionary powers, but it is not an arbitrary but a legal discretion which is reviewable on appeal.

2. SAME—*Order for.* The order of the court making allowance for alimony *pendente lite* will not be disturbed in this court unless the record shows an abuse of discretion.

(Syllabus by the Court.)

*Appeal from the District Court of Logan County; before Jno. H. Burford, District Judge.*

*Cotteral & Hornor* and *George Buckner,* for plaintiff in error.

*H. R. Thurston,* for defendant in error.

This is an appeal from an order of the district court of Logan county, allowing the plaintiff below temporary alimony.

Opinion of the court by

IRWIN, J.: The first question presented by the record in this case is the motion of defendant in error to dismiss the appeal, for the reason that the order of the trial court requiring the defendant in the court below to pay alimony *pendente lite,* was not a final order, or such an order as

could be brought by appeal to this court, and as authority for this position cite the case of *Earls v. Earls*, 26 Kans. 178. And while we entertain the highest regard for the ability and legal acumen of the distinguished judge who wrote the opinion in that case, and reluctant as we are to run counter to his opinions, we are constrained in this case to dissent from the doctrine laid down in that case. We agree with the learned judge that this is an order preparatory to the trial, and that it has spent its force before any of the merits of the case can be heard, but at the s. me time it seems to us that this is an order which makes a final disposition of the questions litigated therein, and one which defendant can have no relief from, however oppressive or unjust it may be, unless an appeal is allowed; and the fact that the defendant can have the matter reviewed on appeal after a final decision is rendered in the case, does not relieve him from the hardship, as long before a final hearing is reached his property may and probably would be sold on execution, the proceeds turned over to plaintiff, and expended by her, and be beyond the powers of the court to return to him, or worse yet, he may have been imprisoned for contempt of court in disobeying this order of the court. This would certainly seem like locking the stable after the horse was stolen. Under our law the title to real or personal property, and the right to exercise dominion and control over it, as well as the right to life and liberty, are subjects too sacred to be made to depend upon the arbitrary exercise of discretion by any one man, however just or learned he may be. It is repugnant to our sense of justice, that rights and privileges as important as these, involving liberty or property, should be taken from any man, without giving him a hearing before the highest tribunal of the

law. It is apparent that this order involves not only the right of property, but the question of personal liberty, and makes both depend upon the wise exercise of a sound discretion of the trial judge. While we believe the question of allowing alimony *pendente lite* is one addressed to the sound discretion of the trial court, we think it is the exercise, not of an arbitrary, but of a legal discretion, which justice, logic and sound reason would dictate should be subject to review on appeal. Being a matter of discretion with the trial court, this court should not disturb the decision unless it appears from the record that there has been a palpable abuse of this discretion, but when there is such abuse, it should be corrected on appeal, and we think that the decision in the case of *Earls v. Earls*, above cited, is not only in conflict with sound reason, but at variance with the great weight of authorities on this subject.

In *Deniels v. Deniels*, 9 Colorado, 133 it is said:

"An order allowing temporary alimony and counsel fees in such a final order as may be appealed from under the code."

In the case of *Sharon v. Sharon*, 7 Pac. 456, the California supreme court arrive at a conclusion that a judgment or decree for alimony *pendente lite* was a final judgment or decree.

The court in that case says:

"A final judgment is not necessarily the last order in an action. A judgment that is conclusive of any question in a case is final as to that question. The code provides for an appeal from a final judgment, not from the final judgment in an action."

It will be noticed that what is said of the code of California will apply to the code of Oklahoma. The Califor-

nia supreme court says, if it is in the nature of a final judgment and is final upon the question adjudicated in it, the same is appealable.

This doctrine is sustained by the supreme courts of Kentucky and Arkansas, in the case of *Lochnam v. Lochnam*, 78 Ky and *Hecht v. Hecht*, 28 Ark. 92. These were cases on appeal from orders allowing alimony and counsel fees pending proceedings in divorce. The appeals were sustained by the supreme court in both cases. In *Hecht v. Hecht* the court says:

"The order or judgment of the court is not, strictly speaking, as interlocutory one. While it may be true that a petition for alimony and attorney's fee could not be brought as a separate and independent suit, yet it is also true that such an application and order for an allowance *pendente lite*, especially such a one as is made in this case, is, so far as it affects the rights of this appellant, in its consequences, wholly independent of his suit for divorce. This is a definitive judgment, from which the appellant can have no relief by the final decree, even though it should appear that injustice had been done him. By due process on the execution, the money will have been collected and paid over to the parties in whose favor it is awarded, and its recovery will have passed beyond the powers of the court. It is true the allowance of alimony and other necessary costs is discretionary with the court trying the case, and will be interfered with by this court only upon the clearest proof that there has been a palpable abuse of that discretion. Yet, when there has been such abuse which affects the substantial rights of a party, we are of the opinion that he can have redress by appeal to this court."

And they there cite in support of this doctrine, *Lucke v. Yell*, 25 Ark. 420.

In the case of the *State ex rel. Genks v. Seddon, Judge*, 93 Mo. 524, which was a case of *mandamus* to compel the

allowance of an appeal, the court, in discussing the question of the delay and inconvenience that might be occasioned by allowing an appeal in cases of an allowance for alimony, *pendente lite*, says:

"At all events, that a law may work inconvenience or hardship to a party litigant in a particular case, is no reason for withdrawing from another a legal right, and perhaps it is as well in the main that the road to divorce should not be altogether a pathway strewn with roses."

In the case of *Gruhl v. Gruhl*, 123 Ind. 87, the doctrine is announced that an appeal may be taken from an order allowing alimony *pendente lite* and attorney's fees.

·*Taylor v. Richardson et al*, 2nd. Ind. App. 452:

"Allowance pending action in divorce. An appeal will lie directly from an order making an allowance to attorneys for services rendered to a wife in an action for divorce, without awaiting the final judgment in such action."

In *Lewis v. Lewis*, 20. Mo. App. 546 the court says:

"The power of the court to order and enforce the allowance for alimony, *pendente lite*, although an adjunct to the action of divorce is an independent proceeding, standing upon its own merits, and in no way dependent upon the merits of the issue in the divorce suit, or in any way affected by the final decree upon the merits. It grows *ex necessitate rei* out of the relations between the parties to the controversy. The order making such allowance in this case was a final and definite order disposing of the merits of that proceeding in the circuit court, and the relator was entitled to make his appeal."

In the case of *Blair v. Blair*, 74 Iowa, 314, the court, by Judge Robinson, says:

"If the relief granted by the district court be regarded as an order merely, we think an appeal may be taken from it. It is however in the form of a judgment, and while it is designated to provide for the temporary needs of the

plaintiff it is permanent in form, providing for the payment of fixed amounts on specified dates, and authorizing execution for their collection; it may therefore be regarded as a judgment final, for the amounts therein named. The motion to dismiss the appeal is overruled."

In the case of *Blake v. Blake*, 80 Ill. 524, this was an appeal from an order of the trial court allowing alimony *pendente lite*. A motion was made to dismiss the appeal on the ground that the decree appealed from is interlocutory and not final, being an exactly parallel case with the case at bar. In that case, Chief Justice Scott, speaking for the full court says:

"The question raised is one that has never been passed on by this court, but, upon first impressions, we are of opinion the appeal will lie. It is a money decree, is for a specific sum, and is payable absolutely. No execution has been as yet awarded, but the court has the undoubted authority to award an execution, or if payment was willfully and contumaciously refused, the decree might be enforced by attachment, as for contempt, or payment might be coerced by sequestration of real or personal estate.

"By one mode or the other, the decree could be enforced, and if defendant has property it could, in some way consistently with the practice in courts of chancery, be subjected to its payment. Such decree does not seem to us to be merely interlocutory. It is more in the nature of final decree, and if no appeal lies, this case affords an instance of a money decree against a party from which no relief can be had, no matter how unjust or oppressive. This ought not to be.

"It is no answer to this position, to say defendant can have this decree against him reviewed on appeal or error after final decree in the original cause. Of what avail would that privilege be to him then? The litigation might be protracted, and years elapse before any final decision

could be reached. In the meantime, he has been imprisoned for disobedience to the decree, or his property under process of law been subject to the payment of the sum decreed.

"Nor does the fact that an appeal is allowed impose any hardship not incident to other money decrees from which appeals may be prosecuted. On the theory alimony is for the immediate benefit of the wife. to enable her to prosecute or defend her suit against her husband on terms of equality, the only serious result would be, to delay the litigation until the propriety of the decree for temporary alimony and solicitor's fees could be determined in the appellate court. On the contrary, if an appeal should be denied it might subject defendant to very great hardships in many cases, as the sequel will show. It is apprehended there can be no decree against a party, that will work a deprivation of his property or liberty, from which no appeal or writ of error will lie. Such is the decree against defendant. Under it he may be deprived of his liberty, or his property subject to levy and sale." * * *

And further the court says:

"But this court has always assumed jurisdiction to review the action of the court below in the allowance either as to alimony or solicitor's fees, and its right to do so has not been questioned."

And then they cite with approval, *Blake v. Blake*, 70 Ill. 618.

*Foss v. Foss*, 100 Ill. 576 Alimony—"The allowance of alimony to the wife for her support pending a suit for divorce, and to enable her to maintain or defend the suit, under the statute, as at common law, is discretionary; but this discretion is a judicial and not an arbitrary one, and is subject to review upon appeal or error."

An order allowing alimony *pendente lite*, held appealable direct to the supreme court. (*Williams v. Williams*, 29 Wis. 547.) Hence we think the motion to dismiss the appeal should be overruled.

The next question is, Was this such an abuse of discretion by the trial court as would warrant a reversal of the order allowing alimony *pendente lite?* In our opinion the order allowing alimony *pendente lite* and suit money, was an order entirely independent of the merits of the original action for divorce, and did not depend to any extent upon the final decision of the merits of the case. We are aware that in many of the states it has been held that alimony *pendente lite* and solicitor's fees could not be allowed by the court until after the return day of the process of summons, and only upon notice to the opposite party. But we think a different rule prevails in this Territory, on account of the peculiar wording of our statute on the subject under procedure civil, art. 28, entitled, "Divorce and Alimony." Section 4548 of the Statutes of Oklahoma, 1893, contains this provision:

"After a petition has been filed in an action for divorce and alimony, or for alimony alone, the court, or judge thereof in vacation, may make and enforce by attachment such order * * * for the support of the wife during the pendency of the action as may be right and proper; and may also make such order relative to the expenses of the suit as will insure to the wife an efficient preparation of her case."

Thus it will be seen that the right of the court to make the order only depends upon the filing of a petition, and does not depend upon the truth or falsity of it. This order is made for the very purpose of trying the issues raised by the pleadings, to-wit: Did a common law marriage exist between the parties? The court was under no legal obligation to investigate this question in advance of this order. Nor was it the intention of the law that he

should do so. If the petition, on its face, made such a showing as entitled the plaintiff to a divorce or alimony, then under the provision of the Statute the court had the undoubted right to make this order for alimony, and suit money, and if the order was right when it was made, the plaintiff's failure to sustain the allegations of her petition could not in any way render the action of the court erroneous.

In the case of *Taylor v. Richardson et al*, above cited in 2nd Ind. App. 452, it is said:

"Where, pending an action for divorce, the court makes an order that the defendant pay to the wife's attorneys a certain sum within a given time to enable her to prepare her case for trial, the fact that subsequently to the order the wife voluntarily dismisses the action and returns to her husband, is no defense to an action on the order, where the defendant has taken no steps to have the order rescinded or modified."

In the case of *Gruhl v. Gruhl*, 123 Ind. 88, in speaking of this kind of an order the court says:

"But the question whether or not the charges were true or imaginary was a question for the final hearing and did not enter into the determination of the preliminary motion, and hence the court could not consider it in advance of its time. The court could determine no question relating to the merits of the controversy except on the final trial, when ample opportunity would be afforded to examine and cross-examine witnesses."

We have examined this record very closely, and we are unable to see that this allowance was exorbitant, or unreasonable, or that there has been an abuse of discretion which requires our interference. Hence the judgment of the district court will be affirmed.

Burford, C. J., having presided in the court below, and McAtee, J.. not sitting; all of the other Justices concurring.