## STATE ex rel. BLACKABY v. CULLISON, *Judge*.

No. 2974. Opinion Filed January 9, 1912.

(120 Pac. 660.)

**DIVORCE—Alimony—Review—Appealable Orders.** An order allowing alimony and attorney's fees **pendente lite** under the provisions of the statute governing appeals in this state (sections. 6067, 6068, Comp. Laws 1909; sections 4436 and 4438, St. Okla. Ter. 1893), prior to the final determination of the action for divorce in the district court, is not subject to be reviewed by the Supreme Court in a proceeding in error.

(Syllabus by the Court.)

Application by the State, on the relation of W. H. Blackaby, for writ of mandamus against James B. Cullison, Judge. Writ denied.

*W. L. Moore*, for relator.

*P. S. Nagle* and *J. C. Robberts*, for respondent.

WILLIAMS, J. Mrs. Jessie Blackaby instituted suit for divorce in the lower court against the relator, W. H. Blackaby, her husband. Upon her application the trial judge made an order for alimony and expenses for prosecution of the suit, including attorney's fees, *pendente lite*. Said order being served upon the relator, he moved that the same be modified. The motion was overruled.

It is essential to determine whether an order allowing alimony and attorney's fees *pendente lite* is, prior to the final determination of the divorce suit in the trial court, subject to be reviewed by this court in a proceeding in error. In *McKennon v. McKennon*, 10 Okla. 400, 63 Pac. 704, the Supreme Court of the Territory of Oklahoma declined to follow *Earls v. Earls*, 26 Kan. 178, which was rendered by Mr. Justice Brewer, in which it was held that an order for alimony *pendente lite* cannot be taken to the Supreme Court by proceeding in error before the final disposition of said cause by the district court; but held that such

order was reviewable on appeal after the final disposition of said cause. The Kansas case was binding upon the Supreme Court of the Territory of Oklahoma. *Chisolm v. Weisse,* 2 Okla. 611, 39 Pac. 467; *United States ex rel. v. Choctaw, etc., R. R. Co.,* 3 Okla. 404, 41 Pac. 729; *Barnes v. Lynch,* 9 Okla. 156, 59 Pac. 995; *Farmers' State Bank v. Stephenson, et al.,* 23 Okla. 695, 102 Pac. 992. In *McKennon v. McKennon, supra,* the governing authority is squarely repudiated. The question is, therefore, before this court as to whether *McKennon v. McKennon* will be adhered to, or whether we will recognize *Earls v. Earls, supra,* as a proper case to follow. The overruling of *McKennon v. McKennon, supra,* could not prejudice any one, because there is no other procedure by way of review that could have been available to the relator. Sections 542 and 543 of the Kansas Code, in force when the opinion was delivered in *Earls v. Earls, supra,* are identical with sections 6067 and 6068 of Comp. Laws 1909 (sections 4436, 4438, Stat. Okla. Ter. 1893), which provide:

"The Supreme Court may reverse, vacate or modify a judgment of the district or county court, for errors appearing on the record, and in the reversal of such judgment or order, may reverse, vacate or modify any intermediate order involving the merits of the action, or any portion thereof. The Supreme Court may also reverse, vacate or modify any of the following orders of the district court, or a judge thereof: First, a final order; second, an order that grants or refuses continuances; discharges, vacates or modifies a provisional remedy; or grants, refuses, vacates, or modifies an injunction; grants or refuses a new trial; or confirms or refuses to confirm the report of a referee; or sustains or overrules a demurrer; third, an order that involves the merits of an action, or some part thereof." (Section 6067.)

"An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding or upon a summary application in an action after judgment is a final order, which may be vacated, modified or reversed, as provided in this article." (Section 6068.)

In *Earls v. Earls, supra,* it is said:

"Section 542 of the Code prescribes what rulings and decisions of the district court may be reviewed in this court. The only clauses that can be supposed to have any application to this ques-

tion are the first and third, which authorize this court to review a 'final order,' and also 'an order that involves the merits of an action, or some part thereof.' The order for temporary alimony is not a final order within the definition of such order given in section 543. Neither is it an order involving the merits of the action or any part of it. It is simply an order preparatory to the trial, making provision for the trial. Its force is spent before any trial is had or any decision reached upon the merits of the case."

In *Call v. Call,* 65 Me. 407, it is said:

"Obviously, the object of this provision is to provide for the immediate wants of the wife. The allowance of exceptions to such an order, and the delay that would be thereby occasioned, would in many cases leave the wife to starve, or force her to become a public charge, or to accept support at the hand of charity."

In *Jeter v. Jeter,* 36 Ala. 391, it is said:

"So much of the chancellor's decree as pertains to the wife's support pending the litigation, and her expenses of suit, is not, in my opinion, before us for revision. The order of the chancellor upon these subjects is clearly not a final decree (*Ex parte King,* 27 Ala. 387), but, on the contrary, is subject to alteration during the pendency of the suit, when there has been a change in the husband's circumstances. *De Blaquiere v. De Blaquiere,* 3 Hagg, 322, 52 E. Ec. R. 126; Rogers' Ecclesiastical Law, 39; Shelford on Mar. and D. 596. As the order for temporary alimony and the wife's expenses of suit was not a final decree, it is not of itself the subject of an appeal; for an appeal, under our system, lies only from a final decree. Code, sec. 3016.  *  *  * An order allowing to the wife temporary alimony and the expenses of her suit is made without regard to the final decree, or to the question of right upon the merits of the cause. *Richardson v. Richardson,* 4 Port. (Ala.) 467, 30 Am. Dec. 538; Bishop on Mar. and D. 581; *Wright v. Wright,* 1 Edw. Ch. (N. Y.) 62; *Meriam v. Harsen,* 2 Barb. Ch. (N. Y.) 265. The order, therefore, cannot in the remotest degree affect the final decree, and I think cannot be before us upon an appeal from the final decree.  *  *  *  Again, the ground upon which the wife is allowed alimony *pendente lite* is that, it being improper for her to cohabit with the husband during the suit, the court must see that she has the means of living while the suit is in progress before it; and the ground upon which the wife is allowed money, with which to defray her expenses of suit, is that, as the husband has all the money and the wife none, she would be unable to litigate with her husband, unless by the compulsion of the court the husband sup-

plied her with the requisite means. Bishop on Mar. and D. 569, 571. Now, it seems to me a most singular proposition that the alimony should be given to the wife to enable her to live during the suit, and the expense money to carry on the litigation, and yet that those allowances should be subject to revision upon appeal from the final decree."

In *Pearson v. Pearson*, Peck (7 Tenn.) 27, it is said:

"* * * Can the defendant below appeal from the order for the payment of the alimony then due? Answer, 'No'; for at the end of every six months there might be an appeal, and the plaintiff below might starve in the meantime. After the decree, the defendant below is placed under the discretion of the court, especially as he has submitted to the principal decree. The act of the Legislature intended to subject him to instantaneous compensation both to keep him in order and for the effectual protection and preservation of the *feme*, which object could not otherwise be attained."

The same rule applies, also, as to attorney's fees. The wife without funds may not be able to prosecute a proceeding for alimony and divorce without the allowance of a reasonable fee, and if her husband, who is charged with being derelict in his marital duties, be permitted to stay the proceeding and tie it up by a supersedeas and litigate with her not only the merits of the divorce case but also the question as to the allowance of necessary funds for attorney's fees, she would be at the mercy of her husband who was faithless in the duties imposed upon him by virtue of his marriage vows. Judge Irwin in *McKennon v. McKennon*, *supra*, seems to be afraid that the courts may abuse this power and imprison husbands for contempt on account of the failure to pay alimony, or cause their property to be seized under the law and sold to make such payment. The presumption is that the chancellor will exercise that power wisely and justly, and for the protection of the dependent wife the statute seems not to contemplate an appeal from such an order pending the final determination of the cause in the district court. Judge Irwin, without referring to or considering the statute providing what character of orders are appealable, interpolates such provision into the statute. His decision is contrary to the governing authority and contrary to the best reason, and for that reason we overrule same,

In *Aspinwall v. Aspinwall,* 18 Neb. 463, 25 N. W. 623, it is said:

"The action of the district court appealed from in the case at bar is clearly not the final or main judgment or decree in the case. The principal thing sought and litigated for in the action is a divorce, and no judgment or decree in the case can be considered final unless it either awards or denies such divorce. But is it a final order? If the statute above quoted stood alone, it might be somewhat difficult to answer this question. Section 581 of the Code provides that 'an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified or reversed, as provided in this title.' This definition of a final order was made in view of proceedings in error. But, it being the only statutory definition applicable thereto, it must be held also to control as well when used in reference to proceedings by appeal."

See, also, *Wyatt v. Wyatt,* 2 Idaho (Hasb.) 236, 10 Pac. 228; *Malony v. Malony,* 9 Rob. (La.) 116. In Michigan an order allowing temporary alimony is interlocutory and not appealable (*Lapham v. Lapham,* 40 Mich. 527), but from the order which seeks to deprive the party of his liberty as a means of forcing obedience to such order in said state he has a right to be heard and be relieved therefrom on appeal, although the order allowing temporary alimony is not appealable. *Ross v. Ross,* 47 Mich. 185, 10 N. W. 193.

*Quaere:* Is such an order committing a party for contempt for refusing to comply with the court's order for the payment of alimony and the expense of litigation *pendente lite* appealable in this state? See *Smythe v. Smythe,* 28 Okla. 266, 114 Pac. 257.

This not being an appealable order, it necessarily follows that the prayer for a writ of mandamus requiring the settling and signing of a case-made will be denied and the alternative writ discharged.

All the Justices concur.