RUTLAND,
*February,*
1829.

Seeley
*vs.*
Bisbee.

------~🔲~~------

### BUCKLEY SQUIRES *vs.* ANDREW WHIPPLE.

If A agree to bind his son to B by written indentures of apprenticeship, and in conse. quence of such agreement, the son enters upon service with B, and is by him instructed in the art of his trade, and furnished with clothing, necessaries, &c. and then leaves B's employment, B may recover of A the value of such services, clothing, &c. so furnished for the son, though the agreement has not been reduced to writing.

That the record of a recovery in *assumpsit* is *prima facie* a bar to another suit between the same parties, for what is *prima facie* the same cause of action.

That plaintiff, in such a case, must show that the subject matter has not been adjudicated.

This was an action of *assumpsit* for money had and received, money paid, laid out and expended, and work, labor, care and diligence, of the plaintiff, in and about the business of the defendant, for instructing one *John Whipple*, son of the defendant, in the art and trade of a tanner and currier, at defendant's request.

The cause was tried upon the general issue, in the County Court, at April term, 1828.

To maintain the issue, the plaintiff, on his part, offered *Alson Squires*, who testified that in the Spring of 1825, the defendant came to his store, in company with the plaintiff and defendant's son, and requested said *Alson* to draw indentures of apprenticeship for the binding of *John Whipple*, son of the defendant, as an apprentice to the plaintiff, to learn the art and trade of a tanner and currier. Soon after, the said *John Whipple* came and lived with the plaintiff from the same spring until November of the same year, when, without the consent of the plaintiff, and while he was absent, the said *John* left the employment of the plaintiff, and ever since refused to return. Within a day or two after the said *John* left the plaintiff's employment, the witness, in company with the plaintiff, went to the defendant's house; and not having with him the indentures drawn for the defendant, the witness read the indentures to the defendant which were drawn for another apprentice, in which it was stipulated, that the plaintiff was to instruct the apprentice in said trade, and board, and wash for him, and pay him, or his father, in money or clothing the sum of $35, a year, until the boy should arrive at the age of 21 years, which would be about three years for him to live with the plaintiff.

BENNINGTON, And by the indentures read, if the boy should refuse to live with
*February,* the plaintiff, the plaintiff had a right to pursue, and bring back, the
1829. boy to his employment, or pursue his employer for damages.
Squires The defendant admitted the contract to be the same in both cases,
*vs.* but said the boy did not intend to return, and there would be no
Whipple. use in binding him, or to execute the indentures to be made in
pursuance of the contract made between them. The services
rendered, and the articles charged, were admitted on the trial to
have been done and rendered to the said *John,* while he was in
the employment of the plaintiff as aforesaid. The plaintiff did
not offer, or show, on the trial any other evidence of any contract
with the defendant, or any liability upon him, in relation to the
employment of said boy by the plaintiff, or to pay for the articles
furnished the boy, or the instruction given him, as mentioned
in the plaintiff's specification. To the admission of this testimo-
ny, the counsel for the defendant objected on the ground of its
being parol, and imposing no liability, and being totally irrelevant
to the case : but it was admitted by the Court.

The defendant offered the record of a suit between the same
parties; which was admitted by agreement; and parol evidence to
shew that the cause of action, in this suit, was determined in that,
and there adjudicated. To the admission of the parol evidence
the plaintiff objected, and the same was rejected by the Court.
The defendant filed exceptions to the decisions of the Court, and
removed the cause to this Court on a motion for a new trial.

*Blackmer for the defendant.*—I. Defendant contends that
plaintiff's testimony was inadmissible, because,

1st. It did not show a liability in defendant to pay for the cloth-
ing and instruction of *John Whipple.* A parent is not liable to
pay another for necessaries furnished for his son, unless when he
neglects to furnish them himself. 2 *Esp. Rep.* 471, *Crantz vs.
Gill.*—*Hammond on Parties,* 72.

2nd. There was a special contract made between the parties,
and the plaintiff had no right to abandon that contract, and resort
to the implied contract. Where there is an express contract as to
the mode and time of payment, compensation for services, &c.
the party cannot waive it, and insist upon a *quantum meruit.*—
18 *Johns. Rep.* 169, *Champlin* vs. *Butler.*—*Id.* 451, *Robertson*
vs. *Lynch.*—2 *Phil. Ev.* 83, *note.*—If any action would lie in this
case, it would be a special action on the case, for not binding the
boy.—2 *Com. on Con.* 84.

II. The former judgment between these parties was a bar to the
present suit. A judgment directly upon the point is as a plea, a

bar, or, as evidence conclusive, between the same parties.—1 *Phil.*
*Ev.* 223-4.—7 *Cranch,* 565, *Young et al* vs. *Black.*—8*Johns.*
*Rep.* 353, *Jones* vs. *Scriven.*—1 *Swift's Dig.* 752.

Parol proof is admissible, to show that judgment was for the same cause of action as the present suit. 1 *Esp. Rep.* 401, *Seddon* vs. *Tutop.*

*Isham, for the plaintiff.*—It is a settled rule of law, that, where a special contract has been made, and that contract has been put an end to by the defendant, or, the performance of the contract by the plaintiff prevented by an act of the defendant, the plaintiff can recover, under the general counts, whatever may be justly due, or whatever may have been received by the party, by virtue of the contract. 12 *John. Rep.* 374, *Raymond et al.* vs. *Barnard.*— 2 *Phil. Evid.* 83, *(n. a.)*—18 *Johns. Rep.* 169, *Champlin* vs. *Butler.*—10 *Johns. Rep.* 36, *Linningdale* vs. *Livingston.* So in this case, as the defendant has derived a benefit from this special contract, by the instruction given his son, and by necessary articles furnished him ; and, as he has refused to perform the contract, or execute the indentures, he is responsible to the plaintiff for the instruction given, and the property received under the contract.

Again, where a note has been executed, for a valuable consideration, if a recovery is successfully resisted because the note is not legally stamped, still the party can recover, under the general counts, the consideration upon which the note was given. 1 *East Rep.* 58, *Farr* vs. *Price.*—7 *Term Rep.* 241, *Alves* vs. *Hodgson.* In the two last cases, the notes not having been legally executed, no recovery could be had upon them, but still the party was allowed to recover under the general counts, the amount received. So in this case, as this contract was not legally executed, the party can recover of the defendant a reasonable compensation for the labour and instruction given, and articles furnished, under that contract.

It appears upon the record, that the subject matter of this action was not, and could not have been, investigated in the former one. It further appears upon the record, that the counsel for the plaintiff totally neglected to offer evidence, under the general counts in that declaration ; but offered, simply, to prove by parol the facts as stated in the first count, which was objected to, and rejected. Whereupon, judgment was rendered for the defendant, and this first count was upon a totally different cause of action from that for which this action is brought. It is, then, believed that the testimony was properly rejected, as it tended to contradict the facts as stated in the record.

P

BENNINGTON
February,
1829.

Squires
vs.
Whipple.

HUTCHINSON, J. delivered the opinion of the court. The first question presented in this case, is, whether the testimony offered by the plaintiff, in support of his declaration, was admissible ? We think it was. Although the plaintiff cannot recover upon a special contract of apprenticeship of a minor, unless it be in writing, as was decided in the former case between these parties; (see 1 *Ver. Rep.* 69,) yet the defendant must not be permitted to agree to make a regular written contract of that description, and thereby obtain the property and the labor of the plaintiff, and then refuse to execute the written contract, and go off with what he thus obtains from the plaintiff. This would operate as a fraud upon the plaintiff. Had the plaintiff refused to execute the writings, according to the first agreement, it might have been otherwise.— Here the testimony offered shows the fault to be all on the part of the defendant. He, *only*, refused to execute the indentures when requested by the plaintiff. The consideration, upon which the plaintiff delivered his property, bestowed his labor, &c. has failed ; and that by defendant's breach of contract. The testimony was correctly admitted, and, if believed, would, *prima facie*, entitle the plaintiff to a verdict.

The next question is, whether the evidence, offered by the defendant to accompany the record of a former recovery, was correctly excluded? The record, thus admitted, shows that the plaintiff sued the defendant in assumpsit, declaring upon a special contract between him and the defendant, by which the defendant bound his son *John* to the plaintiff as an apprentice ; also adding the same general counts which compose the present declaration. That cause was tried, and a verdict was returned for the defendant. Exceptions, taken and allowed on said trial, show, that the plaintiff offered to prove his first count, by parol evidence ; which was objected to by the defendant, because a contract of apprenticeship must be proved by written evidence, and was excluded by the Court. That decision was afterwards affirmed by this Court. It is probable, that the County Court, on trial of the present action, mistook the legal purport of that record : as it says nothing about any testimony, except what applied to the first count, they probably inferred that none else was adduced. This would not be a correct inference where there is a general verdict upon a declaration, containing several counts : the legal presumption, *prima facie*, is that every thing, which might be presented on such declaration, was presented and adjudicated upon. And a case, containing exceptions, should rehearse *only* such facts as present the questions of law that are to be litigated. Here, the presumption would be, that testimony was offered upon all the counts, and objections

taken to that only which applied to the first count ; and, that the recovery barred the plaintiff, *prima facie,* without the testimony offered by the defendant. The plaintiff, therefore, needed to avoid this *prima facie* bar, by testimony on his part, showing that no evidence was offered by the plaintiff on the general counts in said first action. After such proof on the part of the plaintiff, the testimony, offered by the defendant, would have been proper and necessary. It was not necessary when he offered it : but it ought not for that reason to have been excluded, and let the plaintiff take a verdict, when the defendant had made out a sufficient bar, by the record, without the aid of this parol testimony. If any objection could have been urged against the evidence of a former recovery for the same cause being given under the general issue, an answer is furnished by the case ; which shows that the record was read by agreement of parties. Were it not so, the authorities, cited upon other points, show, also, that this defence is good under the general issue in assumpsit. I do not, myself, like the practice of putting the whole in issue to the jury upon non assumpsit, when the entire defence might be comprised in a single plea in bar. But the authorities sanction this practice. And it is well enough in a case like the present, where the damages are uncertain, and where the testimony, to show that the cause of action, now before the Court, was, or was not, litigated on the former trial, is proper to be weighed by a jury. And here, it must be understood, that the plaintiff cannot avoid this bar, without showing that no testimony whatever went to the jury, upon the general counts, in the trial of the first action. With such showing he ought to avoid the bar ; for, in such case, it could not be said that there was any adjudication upon the subject. In 6 *Term Rep.* 607, *Seddon et al.* vs. *Tutop,* the decision is fully in point, that the former recovery is no bar, unless the matter was submitted to the jury.

A new trial is granted.

*Church* and *Isham,* for plaintiff.

*Blackmer* and *Spencer,* for defendant.