## Secrist *versus* Zimmerman.

1. A confession of judgment in ejectment is conclusive in a subsequent ejectment for the same land between the same parties or their privies.

2. A confession of judgment in ejectment must be treated on the same general principles that belong to solemn or judicial confessions in other cases.

3. A confession of judgment in ejectment is a voluntary waiver of all defences and of all rights under the statute of 1807 or at common law, and concludes the party for ever.

May 22d 1867. Before WOODWARD, C. J., THOMPSON and AGNEW, JJ. STRONG and READ, JJ., absent.

Error to the Court of Common Pleas of *Franklin county*.

This was an action of ejectment commenced May 1st 1863, by Emanuel Secrist against John Zimmerman, executor, &c., of Jacob Zimmerman, deceased, for a tract of land containing 77 acres. The plaintiff deduced his title through George Yeakle, between whom and Jacob Zimmerman, the testator (whose land adjoined Yeakle's), there had been disputes about the title to this tract. On the trial the plaintiff proved that in 1848 the surveyor, at the request of both Zimmerman, the testator, and Yeakle ran a line between their lands, which was consented to by them, and by which Yeakle would have taken the land in controversy.

The defendants then gave in evidence a record showing that on the 19th of November 1856, the executors of Zimmerman brought an action of ejectment against Yeakle for this land, and on the 2d of November 1857, Yeakle confessed judgment to the plain-

[Secrist v. Zimmerman.]

tiff for the land in dispute with costs.   A motion was afterwards made to open the judgment and testimony taken ;—but the rule was discharged.   On the 3d of January 1863, Yeakle conveyed his title in the land to Secrist.

The court below (King, P. J.) charged :—"May not a party waive the advantage that he may claim under the Act of Assembly that requires two verdicts in the same way, and judgments thereon to determine the title ?  We think he may, and in no mode more effectually than by a solemn confession of judgment in open court. Such a judgment is not like a judgment by default, or on an award of arbitrators, which have been held not to be conclusive of title, but it is an admission of the plaintiff's title in such a form as ought to put an end to all controversy."

The verdict was for the defendant.   The charge of the court was assigned for error on the removal of the case to the Supreme Court by the plaintiff.

*G. W. Brewer* and *J. McD. Sharpe*, for plaintiff in error, cited Mercer *v.* Watson, 1 Watts 342 ; Stevens *v.* Hughes, 7 Casey 385 ; Acts of March 21st 1806 ; 13th April 1807, § 4, 4 Sm. L. 332, 447 ; 21st April 1846, § 1, Pamph. L. 424, Purd. 364, 366 ; Ives *v.* Leet, 14 S. & R. 303 ; Treaster *v.* Fleisher, 7 W. & S. 137 ; Drexel *v.* Man, 2 Barr 267 ; Brown *v.* Nickle, 6 Id. 390 ; Kinter *v.* Jenks, 7 Wright 449.

There was no argument or paper-book for defendant in error.

The opinion of the court was delivered, July 3d 1867, by

WOODWARD, C. J.—Secrist, claiming title under George Yeakle, brought this action of ejectment to recover the same land for which Zimmerman's executors brought ejectment against Yeakle in 1857, and wherein on the 2d November 1857 Yeakle confessed judgment to the plaintiff for the land in dispute and costs of suit. Subsequently a motion to open the judgment was entertained, but was finally discharged on the 9th November 1860.

The only question upon the record is whether the confession of judgment, in the former suit of 1857, bars the present action. It is not to be doubted that the parties are essentially the same as in the former suit, for Secrist has succeeded to Yeakle's title, nor that the land is the same, for that appears all through the record.

An ingenious argument is submitted by learned counsel to prove that under the Act of 13th April 1807, nothing but two verdicts in ejectment and judgments thereon will bar the right, and that as a judgment by default or a judgment upon an award of arbitrators will not have this effect, neither will a judgment by confession.

[Secrist *v.* Zimmerman.]

The Act of 1807 was an act of limitation.  At common law parties might harass each other with ejectments without limit, but the legislature fixed this limit to their litigation.  And it was so purely a limitation of the common-law action, that this court refused, in Seitzinger *v.* Ridgway, 9 Watts 496, to apply it to an equitable action of ejectment, and held, upon great consideration, one verdict and judgment conclusive in such an action.  The legislature afterward changed this rule of decision, and then repealed their enactment and restored the rule as laid down in Seitzinger *v.* Ridgway.  See the subject exfoliated in Peterman *v.* Huling, 7 Casey 432.

But a confession of judgment does not stand upon the statute at all, which relates only to those judgments that are entered upon verdicts.  A judgment confessed in ejectment must be treated upon the same general principles of law that belong to what Mr. Greenleaf calls solemn or judicial confessions in other cases.  The effect of these is to conclude the right and to estop the party.  The most important interests, not only property and liberty, but life itself, are habitually concluded, judicially, by solemn confession made by the party in interest in the face of a court of justice.  And why should ejectment be an exception ?  In the nature of things the interests involved in an ejectment suit are no more beyond the power of a party to control by his confession than any other rights of person or property.  If he may confess his guilt in a capital case, he may surely confess his want of title in ejectment.  And a judgment confessed concludes and estops him and all his privies.  This not upon the effect of the statute, but by the general principles of the common law.  It is a voluntary waiver of all defences, and of all rights under the statute or at common law—a total and unconditional surrender of the field of controversy which concludes him for ever.

The judgment is affirmed.