FARMERS' STATE BANK OF ARKANSAS CITY, KAN., v. STEPHEN-
SON *et al.*

No. 2218, Okla. T.    Opinion Filed May 12, 1909

(102 Pac. 992.)

**CHATTEL MORTGAGES—Foreclosure—Sale—Res Judicata.** Where
property is held by a party under · bond in a replevin
action, conditioned for the redelivery of the specific property, in
the event he should not prevail in the action such property is to
be considered in **custodia legis**, the same as if the actual posses-
sion was with the officer.

1a.  Said property being in **custodia legis**, the proceeds of the
sale thereof could not be applied as a credit upon the mortgage
debt for the satisfaction of which the same was being replevined,
in order to be foreclosed under a chattel mortgage, until such
replevin action had been finally determined.

1b.  The debt which was the basis of the replevin action in a
separate action having been merged into a judgment, which had
been satisfied, said replevin action thereafter failed.

Kane, C. J., dissenting.

(Syllabus by the Court.)

*Error from District Court, Kay County; Bayard T. Hainer,*
*Judge.*

Action by the Farmers' State Bank of Arkansas City, Kan.
against Benjamin O. Stephenson and others. Judgment for de-
fendants, and plaintiff brought error to the Supreme Court of
the territory of Oklahoma, whence the cause was transferred to
the Supreme Court of the State of Oklahoma. Affirmed.

On the 28th day of July, A. D. 1905, the plaintiff in error,
the Farmers' State Bank of Arkansas City, Kan., as plaintiff,
commenced its action against the defendants in error, Benjamin
O. Stephenson, L. E. Stephenson, William P. Stephenson and Retta
E. Stephenson, as defendants, in the district court of Kay county,
territory of Oklahoma, by filing a petition with the clerk, and
causing summons to issue thereon, said petition alleging that the
plaintiff was a banking corporation existing under the laws of

the state of Kansas, with its place of business at Arkansas City, state of Kansas; that it had a special ownership and was entitled to the immediate possession of one frame 1,200 bushel grain elevator, complete with dump, eight bins, 15 horse power gasoline engine, and machinery of all necessary description in the said elevator, on the right of way of the railroad in the town of Peckham, Vernon township, said county, on a lease from the railroad; that its special ownership consisted in this: That on the 11th day of March, A. D. 1903, the defendants executed and delivered to the plaintiff their certain promissory note in the sum of $4,-500, payable on the 11th day of September, A. D. 1903; that there was then due and unpaid on said note the sum of $2,450, with interest at the rate of 10 per cent. per annum from the 10 day of August, A. D. 1904; that at the same time, and as a part of the same transaction, in order to better secure the payment of said note, the defendants executed and delivered to the plaintiff their certain chattel mortgage on all the property sued for in said action, and alleging default and demand. Affidavit and bond in replevin were executed and filed with the clerk, and an order of delivery issued thereon, and the property seized by the sheriff and delivered to the plaintiff.

On the 1st day of December, A. D. 1905, the defendants filed their answer, admitting all the allegations of the petitions, except as otherwise therein stated; and as a further defense it was averred that, at the time of the execution of said note and chattel mortgage, the defendants made and executed at the same time to secure the payment of said note a certain mortgage on the following realty, to wit, lots 9 to 24, inclusive, in block 11, in the town of Peckham, and lots 6, and 7, and 8, in block 2, in the town of Middleton; also that the defendants had made and executed to the plaintiff on the 14th day of April, A. D. 1903, their certain promissory note in the sum of $2,000, then and there securing the same by a first real estate mortgage on said lots; that thereafter, on the 31st day of July, A. D. 1905, the plaintiff began its action in the same court, declaring on the said $4,500 and $2,000 notes,

and praying for judgment thereon and the foreclosure of said mortgages on said lots; that the defendants duly answered, offering to confess judgment in the sum of $1,685, which offer was by the plaintiff accepted, and on the 6th day of October, A. D. 1905, judgment was rendered in said action (said two notes, to wit, in the sum of $4,500 and the sum of $2,000, being declared on, etc.) for the sum of $1,685 and costs. It was averred that said judgment in said sum was a complete and final determination of the indebtedness on said notes, and that an order of sale was duly issued, and on the ———— day of November, 1905, the property covered by said mortgages was duly and regularly sold by the sheriff of said county for the sum of $————, an amount more than sufficient to satisfy said judgment and costs; that said sale was confirmed on the motion of the plaintiff, and the proceeds applied to the satisfaction of said judgment and costs; that the value of the property taken by the plaintiff from the possession of the defendants by reason of said writ in replevin was the sum of $3,-000, and that the indebtedness for which the chattel mortgage was given had been fully satisfied and there is nothing due from the defendants to the plaintiff on any debt for which said property was given to secure.

On the trial of the case the promissory note made by the defendants to the plaintiff dated March 11, A. D. 1903, for $4,500, due September 11, A. D. 1903, was introduced, with the following indorsements thereon:

"Interest paid to December 10, 1903. Interest paid to February 10, 1904. Interest paid to August 10, 1904. $2,050 paid June 7, 1904. $1,557.50 August 8, 1905, proceeds of elevator, less expense."

When said note was introduced in evidence the record shows the following proceedings had:

"Mr. Martin: I object, your honor, to that last indorsement. It is not binding on us. Mr. Sullivan: That was before the judgment was made, and long before it was accepted or tendered. Mr. Martin: That indorsement was not made in our presence, nor by us, nor by our authority, and of course it is not binding

on us as evidence. The Court: Well, that will be the legal effect of it. Objection overruled. You can argue that as a matter of law, Mr. Martin. Mr. Martin: Very well. We except."

Thereupon the chattel mortgage to secure said note covering the elevator and other chattels sought to be replevied in this action was introduced in evidence, and also the petition in a certain case, No. 2,937, entitled "The Farmers' State Bank of Arkansas City, a corporation, Plaintiff, v. L. E. Stephenson et al." filed on the 31st day of July, A. D. 1905, was introduced, which alleged in the first count:

"That on the 11th day of March, 1903, the defendants for a valuable consideration, made, executed, and delivered to this plaintiff their certain promissory note, by which they did undertake and agree to pay to the plaintiff on September 11, 1903, the sum of forty-five hundred ($4,500.00) dollars, with interest thereon from maturity at the rate of ten per centum per annum. * * * The plaintiff further alleges that the defendants, L. E. Stephenson and Benjamin O. Stephenson, her husband, at the same time and as a part of the same transaction and for the purpose of securing the note hereinbefore set out, made, executed, and delivered to the plaintiff their certain mortgage deed, by which they did grant, bargain, sell, and convey unto the plaintiff the following described real estate, lying and situate in the county of Kay, territory of Oklahoma, to wit, (being the real estate hereinbefore described)."

In the second count of said petition it was alleged:

"That the said defendants on the 14th day of April, 1903, made, executed, and delivered to the plaintiff their certain promissory note, by which they agreed to pay to the plaintiff ninety days after date thereof, the sum of two thousand ($2,000.00) dollars, with interest thereon from maturity at the rate of ten per centum per annum until paid; that there had been paid on said note as principal the sum of $644.22, March 4, 1904, and the interest on said note has been paid and indorsed thereon up to the 10th day of August, 1904; that there is due and unpaid on said note at this time the sum of $1,355.78, with interest thereon at the rate of ten per cent. from the 10th day of August, 1904."

Then follows a declaration as to the execution of a mortgage, etc., on the same realty, and that by reason of the fact that the

defendants have failed to pay said indebtedness when the same became due, the above-described mortgages have become absolute and subject to foreclosure, and a prayer for judgment "against the defendants and each of them, upon the first count in this petition set out in the sum of twenty-four hundred and fifty ($2,-450) dollars, together with interest thereon at the rate of 10% from the 10th day of August, 1904," and foreclosure of the mortgage, etc., and "for the further judgment against the defendants and each of them upon the cause of action set out in the second count of this petition in the sum of thirteen hundred fifty-five and 78/100 ($1,355.78) dollars, together with interest thereon at the rate of ten per cent. from the 10th day of August, 1904," etc.

When said pleadings were offered, the defendants' counsel called the court's attention to the fact that the copy of the note attached to the petition in the case in which the final judgment was had in the district court did not have indorsed on it the credit of $1,557.50, as proceeds of the elevator. Thereupon the court instructed counsel to read the note as offered in the action and the one as sued on in the former action when the $4,500 and $2,000 notes were sued on, and the indorsements on said instruments were read, and the following proceedings were had:

"Mr Sullivan: Now, the plaintiff objects to the introduction of the indorsements, as incompetent, irrelevant, and immaterial, for the reason that the suit in question was filed on the 31st day of July (1905), and the indorsement could not have been made prior to the 8th day of August, 1905, following. The Court: What is that indorsement on the note you have introduced in this action, of $1,557.50, of August 8th, 1905? Mr. Sullivan: That is the proceeds of the sale of the elevator, which was made eight days subsequent to the filing of this petition. The Court: That involves the elevator in this replevin action? Mr. Sullivan: Yes, sir. The Court: You sold it and credited it on this note? Mr. Sullivan: Yes, sir; and subsequent to that the judgment was confessed in the other case for $1,685 more, and we accepted that. Mr. Martin: Our objection to that originally was, your honor, that it did not appear in case No. 2,937 (in which the notes for $4,500 and $2,000 were declared on), either in the judgment or in the pleadings, and that it was made without the con-

sent or knowledge or direction of the defendants, and would, therefore, not be evidence against them. I now offer in evidence * * * the defendants' answer in No. 2,937. . Mr. Sullivan: We object to the introduction of the answer as incompetent, irrelevant, and immaterial. The Court: , Overruled. Mr. Sullivan: Exception."

Said answer of defendants averred that they had made the payments of the interest on said notes, as alleged by the plaintiff and shown by the indorsements, and further stated that on the 3d day of March, A. D. 1904, they paid and caused to be paid to the plaintiff the sum of $1,000, exclusive of the payments admitted by the plaintiff, and at the time of making said payment it was expressly agreed and understood by and between the parties thereto that said sum be and was applied upon the payment of the two said notes. The defendants further stated that on the 7th day of June, A. D. 1904, they paid and caused to be paid to the plaintiff the sum of $2,800, exclusive of the payments admitted by plaintiff, and that at the time of making said payment they did expressly and specifically direct and demand that said sum of $2,800, and it was agreed and understood by and between the parties thereto that said sum should be and was at said time applied to the payment of the said notes; and as a counterclaim defendants set up that on the 11th day of March, 1904, and as a part of the same transaction set out in count 1 of said petition, and to secure the payment of said note for $4,500, they executed and delivered to the plaintiff a mortgage on a certain elevator located at or near the town of Peckham, Kay county, Okla. T., and that said mortgage was then being foreclosed in case No. 2,-934 in the district court of said county; that on or about the 15th day of July, A. D. 1905, by and with the consent of the defendants, the plaintiff procured and had a purchaser for the said elevator who was ready, willing and able to purchase the same for the sum of $3,000; that on the said 15th day of July, A. D. 1905, said defendant offered and tendered to said purchaser procured as aforesaid, a bill of sale which transferred and set over to said purchaser a good and satisfactory title to said elevator, and on

said date the defendants agreed with said purchaser and the plaintiff that the said sum of $3,000 should be applied to the payment of said notes; that the plaintiff then refused to release its mortgage as to the elevator because of the defendant's direction and demand that said $3,000 should be applied by the plaintiff to the payment of said notes; that said refusal of the plaintiff was wrongful, unlawful, and was done for the purpose of injuring the defendants, and has injured said defendants in the sum of $1,250, in that said elevator on February 15, A. D. 1905, being of the reasonable market value of $3,000, has depreciated in value since the date of said tender and offer in said sum of $1,250. Said defendants then and there offered to confess judgment for the sum of $1,685 and costs. Then follows a prayer for judgment in the sum of $1,250 against the plaintiff, and that the defendants be allowed credits on said note in that sum and in the further sums of $1,000 and $2,800 as payments on said notes, and for all relief which to the court seems just. The following proceedings were then had:

"The Court: Now, it is admitted that this is the same elevator as involved in this replevin action? Mr. Martin: Yes, sir. * * * I offer in evidence the original journal entry filed in the cause, but it is not competent as against the journal, of course. Mr. Sullivan: To which the plaintiff objects, as incompetent, irrelevant and immaterial. The Court: Overruled. Mr. Sullivan: We don't object on the ground that it is not the journal. We object to it as incompetent, irrelevant, and immaterial as evidence in this case. The Court: Overruled. Mr. Sullivan: Exception."

A portion of said journal entry is as follows:

"Now on this 6th day of October, 1905, the same being one of the regular days of the September, 1905, term of the district court of Kay county, Oklahoma Territory, this cause came regularly on for trial in its order on the docket, the plaintiff appeared by Sullivan & Hill, J. Mack Love, and C. Ward Wright, its attorneys, and the defendants appeared by A. F. Moss, their attorney. The said parties in open court waived their right to a trial by jury, and thereupon this cause came on for hearing upon the petition of the plaintiff, and upon the answer of the defendants.

Farmers' State Bank of Arkansas City, Kan., v. Stephenson *et al.*

The defendants in their answer filed in this case on the 28th day of August, 1905, offer to confess judgment in favor of the plaintiff in the sum of one thousand six hundred and eighty-five ($1,685.-00) dollars and costs in this case up to date. Thereupon the plaintiff by its attorneys offered to accept as the judgment in this case the amount the defendants offered to confess judgment for. * * * * And the court further finds that the said plaintiff has a lien on the lands and tenements in said petition described by virtue of the mortgages in said petition set out to secure the payment of said indebtedness, interest, and costs. Said property lying and situate in the county of Kay, and described as follows, to wit, (describing the same lots as hereinbefore described). It is therefore considered, ordered, and adjudged by the court that the said plaintiff do have and recover of and from the said defendants (naming them) the said sum of one thousand six hundred and eighty-five ($1,685.00), dollars with costs and interest," etc.

It was admitted in open court that the property sold for a sufficient amount to discharge said judgment of $1,685 and costs. Judgment was rendered in favor of the defendants, and a motion for a new trial was in due time filed and overruled, exceptions being saved. An appeal was prosecuted by petition in error to the Supreme Court of the territory of Oklahoma, from which court, by virtue of the provisions of the Enabling Act and the Schedule to the Constitution, it was transferred to this court, and is now properly here for review.

*J. Mack Love, C. W. Wright,* and *Sam K. Sullivan,* for plaintiff in error.—On mortgagee's right to sell property replevined by him: Cobbey on Chattel Mortgages, § 961; *Pettee v. Plow Co.* (Okla.) 68 Pac. 735; *Hixon v. Hubbell.* (Okla.) 44 Pac. 222. Application of proceeds of sale to mortgage debt was adjudicated in subsequent foreclosure suit: Wells on *Res Adjudicata*, p. 218; *Donaher v. Prentiss,* 22 Wis. 316; *Bates v. Spooner,* 45 Ind. 493; *Covington Bridge Co. v. Sargent,* 27 Ohio St. 237; *Bedwell v. Gebhart* (Iowa) 24 N. W. 587; *Hanson v. Manley* (Iowa) 33 N. W. 358; *Loring v. Mansfield,* 17 Mass. 394; *Dubuque v. Stich,* (Wash.) 48 Pac. 344.

*H. B. Martin* and *Moss, Lowe & Turner,* for defendants in

error.—Property taken in replevin is *in custodia legis:* Cobbey on
Replevin, § 706; *Mohr v. Langan* (Mo.) 63 S. W. 409; *McKinney
v. Purcell,* 28 Kan. 446. On question of *res judicata:* Black on
Judgments, § 698; Herman on Estoppel and *Res Adjudicata,*
§ 51.

WILLIAMS, J. (after stating the facts as above). The only
question essential for determination in this case is, as to whether
or not on August 26, A. D. 1905, the date on which the answer
and counterclaim were filed by the defendants in the action on
the $4,500 and $2,000 notes, foreclosing the real estate mortgage,
the reasonable market value of the elevator at that time was ad-
judicated in said action, in said adjudication the defendants re-
ceiving the benefit thereof.

The plaintiff in error sought to prove on said trial that on
August 8, A. D. 1905, it had applied a credit on said $4,500 note
in the sum of $1,557.50, as the proceeds of said elevator fore-
closure, less expenses of sale, etc. Nowhere does it appear from
the record in said real estate foreclosure action, by any pleadings,
that the plaintiff in error sought judgment on said notes, less such
credit of $1,557.50, or that any allowance in said action was made
to said defendants, or that they had knowledge or information that
such was contemplated at said time, or that they consented or ac-
quiesced in such application.

It is insisted by plaintiff in error that it having made the
sale of the elevator under said chattel mortgage, and applied the
same as a credit on said $4,500 note, said note by said credit was
discharged *pro tanto,* and that said adjudication was made on
confession of judgment, and the notes were merged into said judg-
ment, said credit being carried into said merger, and that it
amounted to an adjudication also of the replevin action as to the
elevator on the chattel mortgage.

If the alleged foreclosure sale of the elevator under the chattel
mortgage was valid, and the application of the proceeds thereof,
less the expenses, etc., as a credit on the mortgage debt, was a
valid act, the contention of the plaintiff in error is correct.

But the contention is made by the defendants in error that the elevator having been taken by the plaintiff in error by means of a replevin proceeding on the chattel mortgage, and held by it under a bond given by it as plaintiff in the action, conditioned for the redelivery of the specific property, that it is to be considered *in custodia legis,* the same as if in the actual possession of the officer; and that any sale sought to have been made by said plaintiff in error by virtue of the chattel mortgage prior to the time of the final determination of that action was void as to the defendants in error. This appears to be the settled rule for the guidance of this court.

In the case of *McKinney v. Purcell,* 28 Kan. 446, in a well-considered opinion delivered by Mr. Justice Brewer, the Supreme Court of Kansas held that where goods are replevied pending the action of replevin they are deemed to be *in custodia legis,* and not subject to seizure on any other process; that whilst the plaintiff by giving a replevin bond obtains possession of the goods this does not change the fact that they are still the subject-matter of litigation, and by legal fiction still to be deemed in the possession of the law. It is also held in the same case that it is generally the rule that where property is held by a party under bond in a given action, conditioned for the redelivery of the specific property, it is to be considered *in custodia legis,* the same as if the actual possession was with the officer. The rule announced in that case is also supported by the cases of *Turner v. Reese,* 22 Kan. 322; *National Bank v. Gerson,* 50 Kan. 582, 32 Pac. 905; *Sherburne v. Strawn,* 52 Kan. 40, 34 Pac. 405.

Our Code of Civil Procedure, relating to the replevin of personal property, including article 10, c. 66 (Wilson's Rev. & Ann. St. 1903, §§ 4361-4364), was borrowed or adopted from Kansas. Gen St. Kan. 1889, art. 10, §§ 4269-4272. It is a well-recognized rule of construction that where a statute has been adopted from another state, which has been previously construed by the courts of the state from which it was taken, the statute is deemed to have been adopted with the construction so given to it. *Chisolm v.*

*Weisse,* 2 Okla. 611, 39 Pac. 467; *United States v. Choctaw, etc., Ry. Co.,* 3 Okla. 404, 41 Pac. 729; *Barnes v. Lynch,* 9 Okla. 156, 59 Pac. 995; *National Live Stock Com. Co. v. Taliaferro,* 22 Okla. 177, 93 Pac. 984; *Choctaw, Oklahoma & Gulf Ry. Co. v. Burgess,* 21 Okla. 653, 97 Pac. 276; *Foreman v. Midland Valley Ry. Co.,* 7 Ind. T. 478, 104 S. W. 808; Sutherland, Stat. Constr. (2d Ed.) § 404.

Whilst we should follow the construction placed upon these provisions by the Supreme Court of the state of Kansas prior to the time the same were transplanted to Oklahoma Territory on account of the foregoing rule, yet such construction also seems to be sustained by both reason and authority. *Morh v. Langan,* 162 Mo. 474, 63 S. W. 409, 85 Am. St. Rep. 503; *Lockwood v. Perry,* 9 Metc. (Mass.) 440; *Hunt v. Robinson,* 11 Cal. 262; *Rives v. Wilborne,* 6 Ala. 46; *Hagan v. Lucas,* 10 Pet. 400, 9 L. Ed. 470; Cobbey on Replevin (2d Ed.) § 706; Shinn on Replevin, § 228; Wells on Replevin, §§ 476-480.

Said property being *in custodia legis,* the plaintiff in error selling the same under the powers of the chattel mortgage prior to the final determination of the replevin action, and said action never having been finally determined in favor of the plaintiff, such sale was thereby invalid, and the alleged credit on said note of the proceeds thereof was without authority, and not thereafter validated.

A regular judgment, whilst it remains in force, is conclusive as to every matter that might have been given in evidence or pleaded to the action in which it was rendered, except matters growing out of separate and independent causes of action which might have been pleaded in offset, and the same principle obtains in cases of judgment by confession. *Barney v. Goff et al.,* 1 D. Chip. (Vt.) 304; *Squires v. Whipple,* 2 Vt. 111.

A judgment confessed has the effect to conclude the right and estop all parties thereto. The most important interest, not only property and liberty, but life itself, is habitually concluded

judicially by solemn confession made by the party in interest in the face of a court of justice. *Secrist v. Zimmerman,* 55 Pa. 446.

In the case of *Orr v. Mercer County Ins. Co.,* 114 Pa. 391, 6 Atl. 698, the court said:

"The defendant, conceding that the judgment would be conclusive against him so far as such defense is concerned, had it been entered on a verdict after a trial on the merits, contends that at most the judgment by confession is only evidence to be considered with all the other evidence touching the question of settlement, in its determination. We think that proposition cannot be maintained. If the cause was at issue, and the only matter of defense was pleaded formally on the record, or so set up as to be known, and on the eve of the calling of the case for trial the defendant confesses judgment in open court, the judgment is as conclusive as if entered on a verdict."

In the case of *Dodds v. Blackstock.* 1 Pittsb. R. 46, it is held that when a defendant offers to confess judgment for a part of the plaintiff's claim, and the plaintiff enters judgment for the amount so tendered and proceeds to execution, he cannot recover the balance of the claim. See, also, Black on Judgments, 1891, vol. 2, § 698.

In this case, the matter relating to the seizure of the elevator by the plaintiff in error in the replevin action involved a separate and independent action, and did not grow out of the action to foreclose the mortgage on the real estate. and there is nothing to indicate in the pleadings that it was the intention of the parties to adjudicate in that action the rights involved in the replevin action; and the plaintiff having taken judgment by confession in that action, the said notes, to wit, the $4,500 and $2,000 notes, were merged into said judgment, and, when such judgment was satisfied, at all events said replevin action failed, the debt upon which it was based being discharged.

So far as the record in that action is concerned, it does not appear that this does the plaintiff in error an injustice, for in the first count of the petition it was declared that there was due and unpaid on said $4,500 note the sum of $2,450, with interest at the rate of 10 per cent. per annum from August 10, A. D. 1904,

and in the second count that there was due on the $2,000 note the sum of $1,355.78, with interest thereon at the rate of 10 per cent. per annum from August 10, A. D. 1904, making the sum total of $3,805.78, with interest, etc., and in the answer the defendants claimed credits in the sums of $1,000 and $2,800 by way of payments, and the sum of $1,250 as counterclaim, making the sum total of $4,050. Judgments was confessed in the sum of $1,685 and costs. On this status of the record, there does not appear to have been any injustice done to the plaintiff in error; but if so, it is the result of its own act in accepting the confessed judgment on the record as it existed at that time, and no fault of the law. As was said in the case of *Secrist v. Zimmerman, supra,* the most important interest, not only property and liberty, but also life itself, is habitually concluded judicially by solemn confession made by the party in interest in the face of a court of justice; and when such an adjudication has been made, unless there at the time exists fraud and deception, and there has been neither contention nor claim made in this case of any fraud or deception, courts will not disregard the plain terms of such adjudication.

There appearing to be no error in the judgment of the court below, the same is accordingly affirmed.

Dunn, Hayes, and Turner, JJ., concur; Kane, C. J., dissents.