## LOUGHRIDGE v. MORRIS et al.

No. 8068—Opinion Filed Feb. 12, 1918.

Rehearing Denied March 19, 1918.

(171 Pac. 451.)

(Syllabus.)

**Judgment — Bar — Ejectment — Rents and Profits.**

Where plaintiff brought an action of ejectment and prosecuted same to judgment in his favor, but made no demand therein for rents and profits of the land involved, the judgment in the ejectment suit is not a bar to a subsequent action for rents and profits.

Error from District Court, Carter County; S. H. Russell, Judge.

Action by B. F. C. Loughridge against Minerva Morris and another. Judgment for defendants, and plaintiff brings error. Reversed, and cause remanded for new trial.

J. T. Coleman and H. T. Sims, for plaintiff in error.

J. B. Moore, for defendants in error.

HARDY, J. Plaintiff, B. F. C. Loughridge, commenced an action in the district court of Carter county, Okla., against Minerva Morris and Jim Morris, to recover $880

as damages caused by defendants' unlawfully dispossessing and withholding from plaintiff certain lands described in plaintiff's petition during the years 1908 and 1909, which sum is alleged to be the value of the rents and profits thereof for said years. The answer of the defendants, after general denial, pleaded specially that the matters in controversy had been heard and adjudicated by the district court of Love county, Okla., in an action between the same parties, and that said judgment was a bar to any recovery by plaintiff herein. The parties occupy the same position in this court which they occupied in the trial court, and will be designated accordingly. The trial was to the court who sustained the plea of former adjudication and rendered judgment for defendants, and plaintiff prosecutes error.

It appears that plaintiff had commenced an action in ejectment against said defendants for possession of said premises, and that a judgment had been rendered in his favor, from which no appeal was prosecuted. In his petition in the original case there was no claim for damages or rents and profits, and none were awarded him by the judgment of the court. It is contended by defendants that the claim for rents and profits was embraced within the issues in the ejectment case, and that further litigation thereof is precluded by such judgment.

The rule is well established that a former judgment of a court of competent jurisdiction between the same parties and involving the same subject-matter is conclusive not only as to every matter involved in the former case, but as to every matter which might have been pleaded or given in evidence whether same was pleaded or not. Prince v. Gosnell, 47 Okla. 570, 149 Pac. 1162. and cases cited. This rule, however, does not apply to matters growing out of separate and independent causes of action which might have been pleaded. Farmers' State Bank v. Stephenson et al., 23 Okla. 695, 102 Pac. 992; Pioneer Tel. & Tel. Co. v. State, 40 Okla. 417, 138 Pac. 1033; 2 Black. Judg. § 732; 23 Cyc. 1172-1189; 15 R. C. L. §§ 450, 452.

Formerly a plaintiff was not permitted to recover for mesne profits in an action of ejectment, but was given a remedy for the damages involved by a separate action known as an action for mesne profits. Newell on Ejectment. p. 614; Warville on Ejectment. § 526; Sedgwick & Wait's Trial of Title to Land, § 646.

Under the Code it is now permissible to join with an action of ejectment an action

ror the rents and profits of the land involved. Section 4738, Rev. Laws 1910, subd. 6; Scarborough v. Smith. 18 Kan. 399; Black v. Drake. 28 Kan. 482; Scantlin v. Allison, 32 Kan. 376, 4 Pac. 618. The two causes of action, however, are still separate. and the Code merely permits them to be joined in order 'o prevent a multiplicity of suits. Coburn v. Goodall, 72 Cal. 498, 14 Pac. 195, 1 Am. St. Rep. 75; Warville on Ejectment. §§ 526-536.

And when plaintiff in ejectment fails to allege a cause of action for rents and profits, proof thereof is ordinarily not admissible. Newell on Ejectment, p. 345: Warville on Ejectment, § 536; Sedgwick & Wait's Trial of Title to Land, § 655. And a judgment upon the issues in ejectment constitutes no bar to a separate action for rents and profits. Newell on Ejectment; p. 625: Sedgwick & Wait's Trial of Title to Land, § 662.

It follows that the plea of former adjudication was not sustained by the evidence. and the court committed error in so holding. The judgment is therefore reversed, and the cause remanded for new trial.

All the Justices concur.