## OKLAHOMA STATE BANK OF ENID v. DOTSON.

No. 15179—Opinion Filed March 17, 1925.

Rehearing Denied April 7, 1925.

Mortgages—Judgment—Res Judicata —Purchase of First Mortgage Note by Second Mortgagee Pending Foreclosure of Second Mortgage—Right to Subsequent Foreclosure of First Mortgage.

Where plaintiff brings suit and obtains judgment on a note and foreclosure of a second mortgage on real estate, and thereafter sells the land pursuant to the judgment, and, while his said action is pending and before the day of the trial, he buys an interest coupon note, which note falls due before the trial in said cause, and he fails to assert any rights on said coupon note in said action, but after the foreclosure sale, under said judgment, he brings an independent action on said coupon note and foreclosure of first mortgage to satisfy the same, this action is not barred by the judgment on the second mortgage and by failure of plaintiff to assert his rights under the coupon note in the foreclosure of the second mortgage.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by Walter Dotson against Oklahoma State Bank, a corporation, on interest coupon note and foreclosure of real estate mortgage. Judgment for plaintiff, and defendant appeals. Affirmed.

Dyer & Keim, for plaintiff in error.

McKeever, Moore & Elam, for defendant in error.

Opinion by THREADGILL, C.    In the

the trial court plaintiff in error was defendant and defendant in error was plaintiff, and for convenience they will be referred to in this opinion as they appeared in the trial court.

On November 6, 1922, plaintiff brought this suit on note against defendant for $387.22, with interest at ten per cent. per annum from October 1, 1921, and for foreclosure of mortgage securing the same on N. W. ¼ of section 24, T. 24 N., R. 6 W., in Garfield county. The facts upon which the claim was based and involved in the controversy were as follows:

September 21, 1920, Geo. W. Nelson and Sarah J. Nelson, his wife, obtained a loan from E. S. Gibson of $5,000 due in seven years from date, with interest, and gave a mortgage on the above described land to secure the same. On the same date Nelson and his wife made a note to one F. B. Buzzard for $960.06, with interest and attorney's fee, and gave a second mortgage on the land subject to the Gibson mortgage.

In due course of business and before maturity, the said F. B. Buzzard, for a valuable consideration, sold this note to plaintiff and, thereafter, plaintiff brought suit on it and foreclosure of the second mortgage securing the same, and obtained judgment and sold the land pursuant to the judgment, subject to the first mortgage, and the defendant bought the land at the foreclosure sale. The interest payments on the first mortgage were represented by interest coupon notes, which were secured by the mortgage as well as the principal. On October 1, 1921, the first interest coupon note in the sum of $387.22 and bearing interest at ten per cent. after maturity became due. After bringing suit to foreclose the second mortgage and before judgment, the first interest coupon note of the $5,000 note fell due and plaintiff paid it, and had the same assigned to him and became subrogated to all the rights in the same, under the first mortgage. Plaintiff bought this coupon note while his action on the note and second mortgage were pending, and before the day of trial, and could, by amendment to his petition, have made it a part of his cause of action then pending, but he did not see fit to do so. But after the foreclosure sale he brought this action on the interest coupon note and foreclosure of his lien under said first mortgage against the said land to enforce collection.

The defendant demurred to the petition on the ground that the same did not state facts sufficient to constitute a cause of action, and the demurrer being overruled, defendant filed its answer, consisting first of a general denial, and stating further that, if plaintiff bought the interest coupon note from the owner and holder thereof, while his foreclosure suit on the second mortgage was pending, that he should have asserted his rights in said action before judgment, and having failed to do this his independent action on the interest coupon note is barred by the foreclosure and sale of the property in the action on the second mortgage. The issues were tried to the court; the facts, as substantially stated above, were undisputed; the court rendered judgment in favor of plaintiff for the amount of the note and ten per cent. interest per annum from October 1, 1921, until paid, and $25 attorney's fee and the cost and foreclosure of mortgage lien by sale of the property after six months, and the defendant appealed, alleging several assignments of error, but relies upon one proposition for reversal of the judgment and that is, the claim sued on could have been made a part of his foreclosure action under the second mortgage, and having failed to assert his rights to the claim in that action, he waived his rights to the lien and his claim is barred by that judgment

Defendant relies upon 16 R. C. L., section 366, page 358, and cases cited thereunder, and Suffolk & Carolina Ry. Co. v. West End Land & Imp. Co., 137 N. C. 330, 49 S. E. 350, 68 L. R. A. 323, holding that in foreclosure actions junior liens are closed out with senior liens, whether pleaded or not, but it will be observed that these authorities do not hold that senior liens are necessarily closed out with junior liens. These authorities are not applicable for the reason plaintiff's first action foreclosed a lien junior to the one involved in this action. The authorities hold that a judgment foreclosing a senior lien bars an action on a junior lien, where plaintiff holds both liens, but there are none holding that a judgment foreclosing a junior lien bars an action on the senior lien where both are in the hands of plaintiff.

Defendant invokes the assistance of section 323, Comp. Stats. 1921, and Prince v. Gosnell, 47 Okla. 570, 149 Pac. 1162, and St. L. & S. F. Ry. Co., v. Hardy, 45 Okla. 423, 146 Pac. 38, to sustain its position, but we cannot see how its contention is upheld by these authorities. The statute makes provision for amendments to the pleading of facts material to the case occurring after the cause is pending and the issues joined, but it is not mandatory. It leaves one without excuse where he would be precluded

without the benefit of the statute, but it would not preclude one who would not otherwise be precluded. The cases cited by defendant hold it the purpose of the statute "to permit parties to avail themselves of any fact or matter that would have a bearing on the litigation, so that the entire controversy may be settled in one lawsuit, and thereby obviate the necessity of trying a case by piecemeal." But this purpose is applicable and the requirements necessary only where the amendments consist in some part or detail of the principal cause as stated in the petition, answer or reply. The necessity arises where the facts are material to the case and not where the facts occurring constitute a new and different cause of action, which may or may not be joined in the cause already pending, in a separate count as provided in sections 266 and 273, Comp. Stats. 1921. This holding is supported by many authorities. In Loughridge v. Morris, 68 Okla. 80, 171 Pac. 451, it is held:

"The rule is well established that a former judgment of a court of competent jurisdiction between the same parties and involving the same subject-matter is conclusive, not only as to every matter involved in the former case, but as to every matter which might have been pleaded or given in evidence whether same was pleaded or not. Prince v. Gosnell, 47 Okla. 570, 149 Pac. 1162, and cases cited. This rule, however, does not apply to matter growing out of separate and independent causes of action which might have been pleaded. Farmers' State Bank v. Stephenson et al., 23 Okla. 695, 102 Pac. 992; Pioneer Tel. & Tel. Co., v. State, 40 Okla. 417, 138 Pac. 1033; 2 Black, Judg. paragraph 732; 23 Cyc. 1172-1189; 15 R. C. L., sections 450, 452."

The rule cited by defendant, 19 R. C. L., section 558, treats of junior liens and is not applicable to senior liens and other distinct causes of action; these are treated by the same authority in sections 438 to 450, inclusive. In Akin v. Bonfils, 67 Okla. 123, 169 Pac. 899, two rules are stated in the syllabus as follows:

The first: "A single cause of action or entire claim or demand cannot be split up or divided so as to be made the subject of different actions for different parts. If this is done, and separate actions are brought for different parts of such demand or cause of action, a judgment upon the merits in one will be available as a bar in the others."

The second: "Where separate actions are prosecuted for different and distinct causes of action, which might have been united in one petition, a judgment in one action is not available as a bar to the others."

The defendant contends that the first rule is applicable to the case at bar and the plaintiff contends that the second rule is applicable. We think that the plaintiff is correct and the defendant is wrong, for the reason that the junior mortgage foreclosed by plaintiff was subject to the senior mortgage which covered the interest coupon note sued on in this action. The foreclosure of the junior mortgage was subject to the priority of the senior mortgage. They were two distinct transactions, and while the foreclosure of the senior mortgage would have closed out all the equities in the junior mortgage, yet the foreclosure of the junior mortgage did not affect the senior mortgage, and this being the status of the interest coupon note of the senior mortgage purchased by plaintiff during the pendency of the foreclosure of the junior mortgage, plaintiff could, by amendment and a separate count, have joined this coupon note in that action, but he did not have to, the right was optional, as well as within the discretion of the court; but since he did not see fit to take this course, the judgment in that case did not bar his action and right to recover in this case. We think the judgment of the trial court was correct and the same should affirmed.

By the Court: It is so ordered.

Note—See under (1) 34 C. J. p. 836 § 1246.