**In re Sally M. RICHARDSON, Debtor.**

**Bankruptcy No. 1–84–01562.**

United States Bankruptcy Court,
E.D. Tennessee.

March 27, 1985.

Robert D. Hale, Chattanooga, Tenn., for American National Bank.

Denise Moretz, Thomas E. Ray, Chattanooga, Tenn., for debtor.

MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

The debtor filed an objection to claim number 1 of American National Bank and Trust Company. The claim as filed is for an unsecured deficiency after the bank foreclosed on the debtor's real estate that secured the debt.

The parties stipulated the facts in this case but for its own convenience the court has restated them as follows.

In March, 1982, the debtors bought a house that had been damaged by fire. They assumed the first mortgage to American National Bank. They later borrowed $10,000.00 from the bank and gave it a second mortgage on the house to secure the debt. The debt was later increased to $13,000.00.

The debtors defaulted on payments on both mortgages and in November, 1983, the bank foreclosed. The bank foreclosed only on the second mortgage. The second mortgage debt was $16,905.67 at the time of foreclosure. The bank bid $15,000.00 at the foreclosure and bought the property. The bid of $15,000.00 apparently was based on an appraisal of the property for that amount, free of any mortgages. The foreclosure deed to the bank says that the property was still subject to the bank's first mortgage.

At the end of January, 1984, the bank sold the property for $22,500.00. The bank had not made any substantial improvements to the property between buying it at foreclosure of the second mortgage and selling it for $22,500.00. When the bank sold the property it took a new first mortgage from the buyers with the intention of releasing its original first mortgage so that the buyers would have clear title.

Within four months after buying the property for $22,500.00, the buyers resold it for $28,000.00.

The bank credited the debtors with the $15,000.00 it bid at foreclosure of the second mortgage, leaving a debt of $1,905.67 on the second mortgage and $34,472.59 on the first mortgage. When the bank sold the property for $22,500.00, it gave the debtors credit for the additional $7,500.00 above its $15,000.00 bid. This left a deficiency of $28,878.26.

## Discussion

The debtor argues that the bank's bid of $15,000.00 when only the second mortgage was being foreclosed shows that the property was worth $15,000.00 more than the first mortgage debt.

When a person who does not hold the second mortgage bids at its foreclosure, the bid reflects his opinion of the value of the property above the first mortgage debt. This is also true as to a bid by the holder of the second mortgage when there is a competing bid.

What if the same creditor holds both the first and second mortgages and chooses to foreclose only the second mortgage without foreclosing on the first? As to the amount the creditor can bid, foreclosing only on the second mortgage may have the same effect as foreclosing on both mortgages. The creditor can bid according to the value of the property free of both mortgages. The court finds that is what happened in this case.

In such situations, the holder of the mortgages may have the opportunity to take unfair advantage of the debtor. Compare *Sletten v. First National Bank*, 37 N.D. 47, 163 N.W. 534 (1917) and *Oklahoma State Bank v. Dotson*, 109 Okla. 190, 235 P. 181 (1925). In this case the bank did not take unfair advantage of the debtor. The bank in effect sold the property free of both mortgages for $22,500.00, and gave the debtor credit against his mortgage debt for the entire $22,500.00.

The court has found nothing in the Tennessee cases cited by the debtor that would require it to hold that the bank gave up its claim for the deficiency after giving full credit for the $22,500.00. The practical effect of the bank's foreclosure and subsequent private sale of the property should control.

The court concludes that the deficiency in the amount of $28,878.26 is owed. The court will enter an order accordingly.